Commonwealth *v.* Brayboy, Appellant.

Submitted September 12, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Sydney E. Brayboy,* appellant, in propria persona.

*Michael J. Rotko, James D. Crawford* and *Alan J. Davis,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., November 17, 1966:

This is an appeal from the dismissal of appellant's petition, without hearing, filed under the Post Conviction Hearing Act of January 25, 1966, P. L. (1965) 1580. Appellant contends that he was denied due process because he was arrested and searched without probable cause, and therefore the evidence secured by the illegal search should have been suppressed. A preliminary motion to suppress the evidence was denied by the Honorable DONALD D. JAMIESON, President Judge, and a renewal of same at trial was denied by the Honorable THOMAS M. REED, Judge. No appeal having been taken

from the judgment of sentence, the propriety of those actions were not subsequently questioned until this petition was filed. Since the finding of Judge REED was against the appellant-defendant, the evidence must be viewed in the light which most favors the Commonwealth.

On July 16, 1965, at about 2:10 a.m., two Philadelphia police officers, one of whom had about ten years experience on the force, while cruising in their patrol car received a report of the burglary of a wig shop located in their general area. About ten minutes after this report was received the officers noticed an unknown man, later identified as the defendant, walking in the 4800 block of Fairmount Avenue. The defendant had a large bulge under his shirt. Since the scene of the reported burglary was about ten blocks away the officers pulled abreast of the defendant in order to observe him more closely. The defendant looked at the officers and before a word had been spoken broke into a run. The officers testified that they felt "something was wrong", and thus they gave pursuit. As they again approached the defendant they noticed a fresh cut on his right hand. The officers then detained the defendant and one of them, in an effort to investigate the incident and possibly correlate it to the reported burglary, asked the defendant what the bulge was under his shirt. The defendant immediately took three woman's wigs from beneath his shirt and handed them to the police. The police officers then asked him who he was and where he had gotten the wigs, but defendant would neither identify himself nor explain his possession of the wigs. It was later learned that these wigs had been stolen from a nearby wig shop earlier that morning, but not the same wig shop that had been reported burglarized.

Although much of the Commonwealth's brief is devoted to the right of police officers to "stop and frisk"

suspects, a subject we have discussed at length in an opinion to be filed herewith,[1] such subject is not involved in this case. The only issue here is whether the evidence was legally procured as a result of defendant's arrest without a warrant but on probable cause, or by a voluntary surrender of the evidence.

In *Commonwealth v. Negri*, 414 Pa. 21, 30, 198 A. 2d 595, 600 (1964), our Supreme Court stated the rule presently applicable to be, " 'The lawfulness of the arrest without warrant, in turn, must be based upon probable cause, which exists "where 'the facts and circumstances within their [officer's] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." . . . Important factors to be considered in determining the practicability of the officers first having obtained a warrant are: the time of night of the arrest, and the need for haste to capture a dangerous felon who was already in the process of flight.' "

The police had reliable information that a wig shop had been burglarized in the general vicinity by an unidentified person. They saw the defendant acting in a suspicious manner within ten city blocks of the site of the burglary, at 2:00 o'clock in the morning. He was apparently concealing something under his shirt and in addition had a fresh cut on his right hand. He made an effort to flee from the officers, a gesture which indicated guilt to these experienced officers. These facts clearly demonstrate that the police officers had probable cause for arresting the defendant as the burglar. Therefore, a search of his person incidental to his arrest was justified and legal. *Commonwealth*

---

[1] *Commonwealth v. Hicks*, 209 Pa. Superior Ct. 1, 223 A. 2d 873 (1966).

*v. Negri*, supra. The fact that it was later shown that defendant was not the person who had entered the shop about which the officers had been informed would not alter the fact that they had probable cause for thinking this defendant was that person.

The presence of probable cause for the arrest and search of a person is a factual matter and in each case there is naturally a variance in the circumstances. However, in the present case we are satisfied that the requirements set forth in *Commonwealth v. Negri*, supra; and *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A. 2d 304 (1963), cert. denied, 375 U.S. 910, 84 S. Ct. 204, 11 L. Ed. 2d 149, have been met.[2]

Defendant's argument that because he was first charged with being "drunk and disorderly" his search was not justified is without merit. He was taken into custody when first interrogated on Fairmount Avenue as one who had committed a felony and who supposedly had stolen goods on his person.

Furthermore, there is no search, certainly no unreasonable search where the objects taken are clearly visible or voluntarily surrendered to the officers. *Commonwealth v. Anderson*, 208 Pa. Superior Ct. 323, 222 A. 2d 495 (1966); *Commonwealth v. Waughtel*, 204 Pa. Superior Ct. 40, 42, 201 A. 2d 217, 218 (1964); *Commonwealth ex rel. Stoner v. Myers*, 199 Pa. Superior Ct. 341, 185 A. 2d 806 (1962). As stated in *Commonwealth v. Waughtel*, "The constitutional prohibition against use of evidence obtained by an unreasonable search and seizure (Mapp v. Ohio, 367 U. S. 643, 646 (1961)) does not require exclusion of items of evidence which the defendant, as here, voluntarily hands over to police officers." And in *Commonwealth v. Anderson* at page 327, quoting an earlier decision, we stated:

---

[2] The latest consideration of this subject is to be found in *Commonwealth v. Ellsworth*, 421 Pa. 169, 218 A. 2d 249 (1966), which case supports our conclusion in the present case.

" 'It is generally held that the mere looking at that which is open to view is not a search: United States v. Lee, 274 U. S. 559; Ellison v. United States, 206 F. 2d 476. In the Ellison case, at page 478, the Court said: "If an officer sees the fruits of crime—or what he has good reason to believe to be the fruits of crime—lying freely exposed on a suspect's property, he is not required to look the other way, or disregard the evidence his senses bring him. Law enforcement is difficult enough, without requiring a police officer to free his mind of clues lying flatly before him." ' "

Defendant here voluntarily produced the wigs from under his shirt, in response to the officer's question about the obvious bulge in his shirt. No misrepresentation or coercion was involved. *Commonwealth v. Wright,* 411 Pa. 81, 190 A. 2d 709 (1963). Clearly, under these facts, there was no unreasonable search and seizure, and the wigs were properly admitted into evidence at the trial.

Order affirmed.