## Commonwealth *v.* Brayboy, Appellant.

Argued November 30, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Sydney E. Brayboy,* appellant, in propria persona.

*James D. Crawford,* Assistant District Attorney, with him *Michael J. Rotko* and *Alan J. Davis,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, October 3, 1968:

On March 10, 1966, after a trial without a jury, Sydney Brayboy was convicted of the crime of burglary. Post-trial motions were dismissed and, on April 21, 1966, a sentence of imprisonment was imposed. No direct appeal from the judgment was filed. Subsequently, Brayboy instituted a proceeding under the Post Conviction Hearing Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1968). His petition was dismissed without a hearing, and, on appeal, the Superior Court unanimously affirmed. 209 Pa. Superior Ct. 10, 223 A. 2d 878 (1966). Because of the serious constitutional question involved, we granted allocatur.

Brayboy was taken into custody by the police without a warrant when they stopped and questioned him on a public street and discovered that he had concealed on his person certain articles which the police believed had been stolen in a recently reported burglary. The articles were seized and introduced against him at trial, over objection, and after motions to suppress had been denied.[1] A determination of whether or not this evidence should have been excluded as having been

---

[1] A motion to suppress was made pretrial as well as at the trial itself.

secured in violation of Brayboy's rights as guaranteed by the Fourth and Fourteenth Amendments depends upon whether he was lawfully arrested before the search and seizure.

The pertinent facts disclosed by the record and uncontradicted during the trial or the hearing on the motions to suppress are these:

On July 16, 1965, at about 2:10 a.m., two uniformed police officers of the City of Philadelphia, one of whom had ten years experience, received a report over their car radio that a wig shop in the area in which they were cruising had been burglarized.

About ten minutes later and about twelve blocks from the address of the reported burglary, they noticed that a man who was walking along the street had a large bulge under his shirt. The officers pulled the police car abreast of him to take a closer look. He momentarily looked at the officers and, before a word was spoken, started to run. The officers, feeling that "something was wrong," pursued and "apprehended him" about half a block away. They noticed a fresh cut on his right hand. When they demanded to know what was causing the bulge under his shirt, he "took from beneath his shirt a plastic bag which contained three women's wigs." The policemen then asked who he was and where he got the wigs, but he refused, or at least failed, to respond. The wigs were seized and the man was taken to a police precinct and booked on a charge of intoxication. Later that morning, investigation revealed that the wigs had been stolen earlier the same morning from a wig shop located near the point of arrest. This was not the same burglary, however, which had been reported to the police while they were in the cruise car. The man, by that time identified as Sydney Brayboy, was immediately informed that he would be charged with burglary. On the following day, he was arraigned on this charge before a

committing magistrate. The wigs were introduced in evidence by the Commonwealth at trial.

We believe that Brayboy's constitutional rights as secured by the Fourth and Fourteenth Amendments were not violated because his arrest was lawful, despite the absence of an arrest warrant. An arrest without a warrant is justified if based on "probable cause," i.e., facts and circumstances, within the arresting officer's knowledge and of which he had trustworthy information, sufficient to warrant a man of reasonable caution in the belief that the arrested person has committed or is committing a crime. E.g., *McCray v. Illinois,* 386 U.S. 300, 87 S. Ct. 1056 (1967); *Ker v. California,* 374 U.S. 23, 83 S. Ct. 1623 (1963). The arrest being lawful, it necessarily follows that the seizure of the challenged evidence was also constitutionally valid as an incident thereto. E.g., *Preston v. United States,* 376 U.S. 364, 84 S. Ct. 881 (1964); *Carroll v. United States,* 267 U.S. 132, 45 S. Ct. 280 (1925); and *Commonwealth v. Harris,* 429 Pa. 215, 239 A. 2d 290 (1968).

From all the circumstances, the arresting officers had probable cause to believe that Brayboy had committed a crime. There had been a burglary reported in the neighborhood. Brayboy was concealing something bulky under his clothing. These two circumstances were particularly suspicious coincidences at such an early hour. Added to this, Brayboy fled when the police officers, easily identifiable as such because they were uniformed and in a squad car, looked closely at him. This certainly indicated a "guilty mind." See *Sibron v. New York,* 392 U.S. 40, 88 S. Ct. 1889 (1968). Finally, Brayboy's hand was bleeding. This meshes well with the possibility that he had burglarized a store by smashing a glass window. Under all these circumstances, a reasonably prudent man would be justified in believing that Brayboy was guilty of a

crime. Thus the warrantless arrest was based on "probable cause."

Order affirmed.

———

CONCURRING OPINION BY MR. CHIEF JUSTICE BELL:

I agree that there was probable cause for the police stopping and searching the defendant. I further agree with everything in the majority Opinion except the statement with respect to when an arrest without a warrant is justified. We all agree that an arrest without a warrant is justified if based on "probable cause," and that if the arrest was lawful the seizure of the challenged evidence as an incident of the arrest was also Constitutionally valid.

However, I very strongly disagree with the definition of probable cause. Probable cause should be facts and circumstances within the arresting officer's sight or knowledge, or of which he had information sufficient to warrant a reasonable man to believe that the arrested person has committed, or is committing, or is about to commit a crime, or that he can thereby prevent an escape.