## Commonwealth v. Watkins, Appellant.

Argued November 12, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Albert Cohen,* Assistant Public Defender, with him *John J. Dean,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los,* Assistant District Attorney, with her *Robert L. Campbell,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., December 11, 1970:

Appellant was arrested for violation of The Drug, Device and Cosmetic Act, September 26, 1961, P. L. 1664, 35 P.S. §780-4(q). Evidence introduced at a suppression hearing indicated that a police officer entered appellant's apartment without a search warrant* by kicking the door open. He observed appellant attempting to escape out the window and grabbed his feet to restrain him. An officer stationed outside testified that at this point he saw appellant throw a num-

---

* The police alleged that pursuant to information provided by an informant, they obtained a search warrant for appellant's apartment from a magistrate. The Commonwealth indicated that the search warrant and its supporting affidavits were lost, and did not produce them at trial. The trial court correctly proceeded to hear the case as if the search had been conducted without a warrant.

ber of objects to the ground. These were later identified as needles and a medicine dropper containing a residue of narcotics.

A motion to suppress the evidence found outside appellant's apartment was denied. The needles and medicine dropper were introduced as evidence at trial, and appellant was found guilty. Motions for a new trial were denied. From judgment of sentence this appeal followed.

On appeal the Commonwealth contends that the evidence was properly admitted since the materials seized were "in plain view," and thus no search occurred. We agree that, as an abstract proposition, "[i]t has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." *Harris v. United States,* 390 U.S. 234, 236, 88 S. Ct. 992, 993 (1968) ; *Commonwealth v. Brayboy,* 209 Pa. Superior Ct. 10, 223 A. 2d 878 (1966). However, this is not the situation in the instant case. Here, appellant's apartment was invaded unlawfully by police officers conducting a warrantless search. Clearly, the police did *not* "have a right to be in the position" where they could see the objects that were in "plain view".

"Here we are dealing with a severe invasion of privacy by the intrusion of officers into the curtilage of a private home at nighttime. . . . The government will not be heard to say that the 'plain view' rule applies where the observing officer has physically invaded a constitutionally protected area in order to secure the view." *United States v. Davis,* 423 F. 2d 974, 977-78 (5th Cir. 1970). Where an entry or an arrest is illegal ab initio, the "plain view" doctrine is inapplicable. This is true even if the defendant himself reveals the illegal goods to police officers. *Commonwealth v. Calvarese,*

199 Pa. Superior Ct. 319, 185 A. 2d 657 (1962) (dissenting opinion of MONTGOMERY, J.); cf. *People v. Clark Memorial Home,* 114 Ill. App. 2d 249, 252 N.E. 2d 546 (1969); *Heffley v. Hocker,* 420 F. 2d 881 (9th Cir. 1969).

Since the Commonwealth introduced evidence obtained pursuant to an illegal search and seizure, the judgment of sentence is vacated and a new trial is ordered.

WRIGHT, P. J., and WATKINS, J., dissent.