Earlie WRIGHT, Jr., Petitioner-Appellant,

v.

M. C. EDWARDS, In His Capacity As Sheriff of Lowndes County, Mississippi, Respondent-Appellee.

No. 72–2586

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 21, 1972.

Rehearing and Rehearing En Banc Denied Feb. 6, 1973.

Billy J. Jordan, Columbus, Miss., Thomas R. Mayfield, West Point, Miss., Jack Greenberg, Jonathan Shapiro, New York City, for petitioner-appellant.

A. F. Summer, Atty. Gen., Timmie Hancock, Asst. Atty. Gen., Jackson, Miss., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

In this petition for a writ of habeas corpus the Petitioner challenges the constitutionality of his conviction under Mississippi law for the possession of marijuana. He alleges that the Mississippi statute which punishes the mere possession of marijuana, dispensing with the traditional requirement of *mens rea,* transcends the bounds of due process. He also suggests that the seizure of a

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

packet taken from him during a jail house inventory (upon his arrest for public drunkenness) violates the Fourth Amendment, and, hence, the evidence should have been suppressed. The District Court found both grounds to be without merit and denied the writ.[1] Upon a careful review of the record in this case we agree.

It is beyond dispute that under our federal system it is the province of the several States to define the scope of criminal conduct. A state may constitutionally proscribe the willful possession of marijuana.[2] See United States v. Balint, 1922, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604; United States v. Freed, 1971, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356; Clark v. Craven, 9 Cir., 1971, 437 F.2d 1202. While intent in the traditional common law sense of a "guilty mind" is not a constitutional requisite under a statute of this type, due process demands that the state show a specific intent to possess the prohibited substance, that is, that the act was purposely, not accidentally done. United States v. Freed, *supra*, 401 U.S. at 607–609, 91 S.Ct. at 1117–1118, 28 L.Ed.2d at 361–362. But this element of intent to possess may be proved inferentially. Here, however, the Petitioner's testimony at his trial was to the effect that he was unaware of the nature of the substance which he possessed. See Wright v. Edwards, *supra*, 343 F.Supp. at 797, n. 11. We are satisfied that the state trial judge correctly instructed the jury that the state had to prove that the possession was willful and knowing, and that there were sufficient facts to warrant the implied finding of awareness. There is, accordingly, no constitutional error in these proceedings.

 The Petitioner's attack on the search and seizure of the marijuana at the time of his jailing is also without merit. "A search of an arrestee is still incident to an arrest when it is conducted shortly thereafter at the jail or place of detention rather than at the time and place of arrest." United States v. Gonzalez-Perez, 5 Cir., 1970, 426 F.2d 1283, 1287. It is not unreasonable for police officers to search detainees. Neither does the seizure of suspected contraband uncovered in such a search transcend the Fourth Amendment's rule of reason.[3] United States v. Smith, D.Conn., 1972, 340 F.Supp. 1023.

The order will be

Affirmed.

---

1. Chief Judge Keady's scholarly opinion is reported at 343 F.Supp. 792.

2. "An inferior federal court should not reassume in this controversial area the mantle of judicial omniscience long since discarded as to social and economic legislation." United States v. Reincke, 2 Cir., 1965, 344 F.2d 260, 263.

3. Brett v. United States, 5 Cir., 1969, 412 F.2d 401, which invalidated a search of a bag containing a prisoner's personal effects some three days after his arrest is distinguishable. There the Court specifically found that, "[t]his search was not incident to an arrest, because it was not even close to contemporaneous." *Id.* at 405.