**Commonwealth v. Bigley, Jr.**

*James F. Marsh,* for Commonwealth.
*John A. Hiscott,* for defendant.

WILLIAMS, P. J., March 28, 1973.—Defendant seeks to suppress the results of a breathalyzer test to determine the alcoholic content of his blood.

We find these facts: Daniel Harnden, Chief of Police of Pocono Township, investigated a motor vehicle accident at about 10:45 p.m. on February 10, 1973. A station wagon, owned by defendant, was involved in the accident. Upon his arrival at the scene, the officer observed defendant standing about eight feet from his vehicle. Defendant admitted that he was the operator of the station wagon. The officer learned that defendant, after the accident, got out of his vehicle and threw bottles on an embankment behind his vehicle. The officer found two unbroken bottles and one broken bottle of beer behind defendant's vehicle. The officer observed that defendant's speech was slurred. At times, it was not understandable. Defendant advised the officer that he was not wearing his false teeth. The officer observed that defendant's eyes were a little glassy. He told defendant to walk to the police car

which he did. He staggered as he walked. His walk was slow and awkward. Inside the car, the officer had defendant breathe into his face and when he did so the odor of alcohol was present. Defendant was placed under arrest for driving while under the influence of intoxicating liquor. Defendant submitted to a breathalyzer test and the result was 0.22.

Defendant seeks to suppress the results of the test on two grounds: (1) that the offense, being a misdemeanor, was not committed in the presence of the officer and for that reason the arrest was illegal thus voiding the legality of the breathalyzer test; and (2) that the officer was not in possession of sufficient facts to give him reasonable grounds to believe that he had been driving while under the influence of intoxicating liquor.

## DISCUSSION

Section 624.1 (a) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §624.1, provides:

"Any person who operates a motor vehicle or tractor in this Commonwealth, shall be deemed to have given his consent to a chemical test of his breath, for the purpose of determining the alcoholic content of his blood: Provided, That the test is administered by qualified personnel and with equipment approved by the secretary at the direction of a police officer having reasonable grounds to believe the person to have been driving while under the influence of intoxicating liquor."

A similar statute of the State of Kansas received the approval of the United States Supreme Court in Breithaupt v. Abram, 352 U. S. 432, 77 S. Ct. 408, 1 L. Ed. 2d 448 (1957), footnote 2, page 410.

As we interpret section 624.1(a), the legal issue here is not whether the arrest of defendant was legal or

illegal but whether the officer had reasonable grounds to believe defendant to have been driving while under the influence of intoxicating liquor before requesting defendant to submit to the breathalyzer test.

President Judge Brominski in Commonwealth v. Scalise, Jr., 61 Luz. 183 (1971), after quoting section 624.1, said:

"Therefore, the admissibility of the breathalyzer test is determined by the so-called 'Implied consent rule' provided, however, that 'probable cause' existed for the administering of this test. Here it is patently clear that probable cause existed." The facts on which the Commonwealth relied to show probable cause were the odor of alcohol on the breath of defendant, slurred speech and unsteady gait. Judge Brominski found this evidence sufficient to establish the probable cause required by section 624.1(a).

Since section 624.1(a) creates an implied consent to a breathalyzer test and section 624.1(b) makes the results of the test admissible at trial, the legality or illegality of the arrest is immaterial.

If we accept the argument of defendant that his arrest was illegal, an illegal arrest would not per se taint the results of the breathalyzer test and render it inadmissible at trial. There must be a causal connection between the illegal arrest and the taking of the test: Commonwealth v. Bishop, 425 Pa. 175 (1967). Here, the test was not predicated on an illegal arrest. It was predicated on the statutory "Implied Consent" to the test given by defendant when he operated his motor vehicle in this Commonwealth.

This being true, an illegal arrest would not taint the consentable breathalyzer test.

We now turn to the question whether the officer had probable cause to believe defendant operated his motor

vehicle while under the influence of intoxicating liquor.

"Probable cause" exists when facts and circumstances within the officer's knowledge and of which he had trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in belief that the arrested person has committed or is committing a crime: Commonwealth v. Brayboy, 431 Pa. 365 (1968).

Here, the officer had personal knowledge, through the admission of defendant, that defendant did operate his motor vehicle which was involved in an accident; that he had the odor of alcohol on his breath; that he staggered while walking; that his speech was slurred and at times not understandable, although this could have been due to the absence of his false teeth; that his eyes were a little glassy; that his gait was slow and awkward. He found three quart bottles of beer on the embankment behind defendant's car and had been informed that defendant had thrown them there after the accident.

As was said in Commonwealth v. Horn, 395 Pa. 585, 590 (1959):

"Intoxication is a matter of common observation and knowledge, and because of observation, knowledge or experience, the opinions of laymen are admissible and medical opinion, while of course admissible, is not required."

Here, the officer observed the common characteristics of an intoxicated person: staggering gait, glassy eyes, odor of alcohol on the breath. His speech was slurred and at times not understandable although this could be accounted for, at least in part, by defendant's statement that he was not wearing his false teeth. We find sufficient trustworthy knowledge on the part of

the officer to warrant him to have reasonable grounds to believe defendant had been operating his motor vehicle under the influence of liquor.

## ORDER

And now, March 28, 1973, the petition for suppression of the breathalyzer test is denied. It is ordered that the breathalyzer test be admitted in evidence at trial.