### Commonwealth v. Getz

*C. Daniel Higgins,* Assistant District Attorney, for Commonwealth.

*Robert C. Lear,* Public Defender, for defendant.

MARSH, J., April 4, 1973.—

## FINDINGS OF FACT

1. A burglary and larceny had occurred at the State Liquor Store in Brodheadsville, Monroe County, Pa., on November 2, 1972. The police conducting the search had no knowledge of this burglary and larceny at the time of the seizure.

2. On November 4, 1972, a member of the Easton Police Department was directed to investigate a person allegedly loading large quantities of liquor from a building in the 600 block of Walnut Street in Easton into a U-Drive It or U-Haul rented van. The van had been rented at approximately 11 a.m. and was being loaded at approximately 5:45 p.m., both hours being on November 4, 1972.

3. The policeman arrived. The side doors of the van were opened and he observed cartons supposedly containing liquor with a State Liquor Control Board seal on the boxes. The boxes upon which he could see the seal were three or four in number and were located on top of other boxes being composed of three or four piles, three boxes deep. Defendant was in the van and then came out of the van. The officer asked defendant what was in the boxes and was advised that they were boxes used for storing items. The officer asked about the boxes with the seal on and defendant told him that they contained liquor which he had purchased. The officer asked if he had a receipt, the officer having in mind that it was a large quantity of liquor for a private indi-

vidual to be buying. Defendant said yes; that the receipt was in his apartment, and he invited the officer into the apartment to see the receipt. Defendant led; the policeman followed into a hall containing a stairwell that led to the door of defendant's apartment. Several boxes of liquor were propping the hall door open and several boxes of liquor were holding the apartment door open. The officer could see into the apartment and saw similar boxes in the apartment. Upon reaching the top of the steps to where the door of defendant's apartment was, defendant turned and kicked the policeman twice. A scuffle ensued which took the parties into the apartment and out of the apartment, with defendant eventually landing at the foot of the stairway. A second officer had arrived by this time and an arrest without a warrant was made on defendant as he got off the floor at the foot of the stairway, the arrest being for assault and battery on a police officer. Defendant and the original police officer were taken to the hospital. By this time, other policemen had arrived and a search was made of (a) the hall, (b) the apartment, and (c) the truck.

The matter is before us on a motion to suppress the evidence as being illegally seized. Cases of liquor were seized in all three locations. Defendant was arrested for burglary, larceny and receiving stolen goods on November 9, 1972.

## DISCUSSION

In Commonwealth v. Shaffer et al., 447 Pa. 91 (1972), the Supreme Court of Pennsylvania held that possession of recently stolen goods was sufficient for a jury to draw an inference that defendant had stolen the goods. This was subject to the constitutional standard of "more—likely than-not" test. In the Shaffer case, the stolen goods were found in possession of

defendant less than 24 hours after the burglary had been committed. The court said that the quantity of jewelry with the markings of names and initials of other individuals was not so commonplace as to be sold on street corners or left lying around automobiles. The court further observed that a false name was given. They held that the connection between the proof of the unexplained possession of recently stolen property and the permissible inference as to who stole the property meets the constitutional mandate.

Earlier in the same case, when speaking of a warrantless search of a vehicle, the court indicated an officer must have independent probable cause to believe that a felony had been committed by the occupants of the vehicle or that it had been used in the furtherance of the commission of a felony, or the officer should have a basis that evidence of a crime is concealed within the vehicle.

The question here raised is whether the large quantity of liquor being loaded from a private home still in original cases and sealed is sufficient to raise an independent probable cause that a felony has been committed. Standing alone, the case would probably be borderline at best. It was sufficient, however, to raise probable cause for further questioning when defendant stated he had a receipt for the purchase of the goods and invited the officer into his apartment to see it, and defendant then attacked the policeman. That raised, in the totality of the circumstances, the mere suspicion to a solid probable cause that a felony had been committed and that defendant was involved in the commission of the felony. The test is probable cause and the Shaffer case indicates that evidence of the same nature is sufficient to sustain a guilty verdict beyond a reasonable doubt. It, therefore, should

be sufficient to raise probable cause by a police officer to make an arrest.

The search conducted in the hall area is further bolstered by Commonwealth v. Frye, 433 Pa. 473 (1969). It would appear to the court that the search of the premises, the hallway and the motor vehicles, was the search of an entire unit of activity being used immediately by defendant when the arrest took place. Prior to the attack on the policeman, there was no probable cause for a search of any of the area, but there was proper reason for an alert policeman to make inquiry. The inquiry was properly accepted by defendant. When the attack on the policeman by defendant occurred, it converted the totality of the circumstances to consideration of: the nature of the liquor business in Pennsylvania; the apparent false statement of having a receipt of purchase; the beating attempted on the police officer; the large amounts of liquor involved; and the overall scene of some liquor still in its storage area in the apartment, some of it half transported to the vehicle by its presence in the hall and its use as door props and some already having been loaded into a rented vehicle.

In Commonwealth v. DeFleminque, 450 Pa. 163 (1973), the court was faced with the probable cause where defendant was carrying a large box from the rear of a school and the officers had noticed that in the open trunk of defendant's vehicle there were two large amplifiers as well as tapes of a type used with tape recording equipment. The officers asked defendant for an explanation of his actions. Defendant indicated that he had taken the box from the trunk to the rear of the school, where he wished to urinate, so that it would not be stolen. The officers did not know that the school had been broken into. Defendant was arrested and charged with burglary, larceny and receiving

stolen goods. The court held that: "Probable cause exists where the facts and circumstances within the knowledge of the police officer are sufficient to warrant a man of reasonable caution in the belief that a crime is being or has been committed. Commonwealth v. Brayboy, 431 Pa. 365, 246 A. 2d 675 (1968)."

The court also held that the initial facts were not sufficient for probable cause but were sufficient to place the police officers on inquiry. The bizarre explanation coupled with the plain view of the items in the trunk were sufficient to raise probable cause for an arrest. The court distinguished between probable cause for arrest and probable cause for the issuance of a search warrant. The court also distinguished Henry v. United States, 361 U.S. 98 (1959), where the United States Supreme Court held that the observation of defendant's taking cartons from a home and placing them in a vehicle were insufficient to raise probable cause for arrest.

In the instant case, no arrest was made until the facts were well beyond the facts of the Henry case. Taking into consideration the nature of the liquor business in Pennsylvania, the large quantity of liquor in plain view in the van, in the hallway and in the apartment and the attack by defendant upon the police officer when the police officer was merely making inquiry, we feel the arrest was proper and that the search and seizure incidental to the arrest were within constitutional limitations.

We, therefore, feel that the motion to suppress the evidence should be denied. This hearing is limited only to the charges of burglary and larceny in that the evidence submitted would indicate that venue is not properly laid for receiving stolen goods in Monroe County. Therefore, the court would be neither county of arrest nor the county of the search and would have

no jurisdiction in the prosecution of the crime, nor the suppression of evidence.

And now, April 4, 1973, the motion to suppress is denied insofar as it relates to the charges of burglary and larceny.