## Commonwealth v. Shaak

*David J. Brightbill*, Assistant District Attorney, for Commonwealth.

*Joseph M. Hill, Jr.*, for defendant.

GATES, P. J., May 13, 1974.—In a nonjury trial, James L. Shaak was found guilt of violating the Controlled Substance, Drug, Device and Cosmetic Act. The matter is now before us on defendant's motion in arrest of judgment or alternatively for a new trial.

The principal reason assigned in support of both motions is the refusal of the trial court to suppress allegedly illegally obtained evidence. The following facts are not disputed:

Patrolman Lineaweaver, of the South Lebanon Township Police Department, on April 28, 1974, at about 2:45 a.m., responded to a call which took him to

a location in front of 1019 Franklin Avenue in South Lebanon Township, Lebanon County, Pa. There, he saw a Volkswagen parked broadside across the road. He also saw defendant, James Shaak, and Marcia Brenner. Marcia Brenner was lying to the right rear of the automobile and defendant was trying to pick her up and was having difficulty doing so. As the patrolman approached, defendant asked him to help him get her inside the house. The officer immediately directed defendant to get into the back of his patrol car. Before doing this, he had observed him walk in a staggering manner. He heard him talk and his speech was slurred. He detected an odor of alcohol on his breath. He concluded that he was under the influence of intoxicating beverages.

The patrolman called an ambulance which arrived and took Marcia Brenner to the Good Samaritan Hospital. The patrolman transported Shaak to the Lebanon Police Department. He intended to arrest defendant for violating a township ordinance. In one of the interrogation rooms at Lebanon Police Department, defendant was asked to empty his pockets, thus disclosing the capsules which defendant asked to suppress because the arrest was illegal.

Whatever is the law elsewhere, in Pennsylvania a warrantless search subsequent to an illegal arrest, other than a protective weapons search, is prohibited. In order to insure compliance with this legal principle, Pennsylvania continues the prophylactic rule which excludes the products of unlawful searches: Commonwealth v. Freeman, 222 Pa. Superior Ct. 178 (1972); Commonwealth v. Watkins, 217 Pa. Superior Ct. 332 (1970).

In this case, Shaak was arrested and transported to the Lebanon City Police Department for allegedly

violating a South Lebanon Township ordinance. Ordinance No. 1, section 8, of the township is as follows:

"SECTION 18. To wrongfully strike another, or to engage in a fight, or to incite others to fight, or to appear or be in an intoxicated or drunken condition on any public alley, sidewalk, street, road or highway in the Township."

It is defendant's position that South Lebanon Township, a township of the second class, has no authority to enact the foregoing ordinance, and therefore, an arrest for violating an unauthorized ordinance is an illegal arrest. We cannot improve Judge Satterthwaite's opinion in Commonwealth v. Barnhardt, 12 D. & C. 2d 255 (1957). There, it was plainly held in a well-documented opinion that a township of the second class has only such corporate power as has been expressly granted it by the legislature, or those necessarily or fairly implicit in or incidental thereto or those essential to its declared objects and purposes. Also, a second class township, having no general grant of police powers as do other types of municipalities, are particularly limited in their legislative authority. Nowhere in The Second Class Township Code of May 1, 1933, P. L. 103, as amended, 53 PS §65101, et seq., is there authority to enact an ordinance making it criminal conduct to appear or be in an intoxicated or drunken condition on a public street. Nor is it necessarily or fairly implicit in the declared objects and purposes of delegating authority to second class townships. Both the old and the new Pennsylvania Criminal Code of December 6, 1972, P. L. 1068 (No. 334), 18 PS §5505, provide for public intoxication cases. Therefore, it was not necessary or implicit that South Lebanon Township also adopt an ordinance making such conduct criminal.

It is not necessary that we dissect the ordinance to examine its constitutionality inasmuch as the township had no authority to enact the ordinance in the first place. There being no valid ordinance, the arrest necessarily was invalid, and the fruits of an illegal arrest must be suppressed. Without the evidence, Commonwealth probably cannot prove its case. However, in considering a motion in arrest of judgment, we must consider all of the evidence, whether it was legally admitted or not. Therefore, it is not within our power to grant this motion, but we do have the power and authority to direct a new trial.

## ORDER

And now, to wit, May 13, 1974, defendant's motion for a new trial is granted.