Commonwealth *v.* Gilmore, Appellant.

Argued June 13, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert H. Finkel,* with him *Irwin Lee Gross,* and *LaCheen, Doner and Lacheen,* for appellant.

*John H. Isom,* Assistant District Attorney, with him *Mark Sendrow, David Richman,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First

Assistant District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

In this appeal from a judgment of sentence for burglary, robbery, and carrying a concealed deadly weapon, appellant contends that the court below erred in not suppressing physical evidence allegedly seized as a result of an illegal stop of a motor vehicle.[1]

At approximately 11:20 a.m. on August 23, 1972, two men robbed a small grocery store in West Philadelphia. One of the men held the owner of the store at gunpoint while the other took approximately $66.00 from a cash register. When the robbers left, the owners called the police and gave them a description of two Negro males, one with a thin mustache and wearing a blue shirt, the other wearing a white "T" shirt.

The description was broadcast over police radio. At that time, Officer Bruce Prager was in his patrol car approximately one mile from the scene of the robbery. When the description came over his radio, the officer noticed a blue Volkswagen stopped at a traffic light next to his patrol car. In the passenger's seat was a black male with a thin mustache wearing a blue shirt. Directly behind him was another black male wearing a white "T" shirt. The officer pulled the car over and asked the driver for his license and owner's card. As he did so, the officer noticed a revolver on the floor near

---

[1] Appellant also contends that the identification made by the victim shortly after the arrest, and at the scene of the robbery was a violation of his Sixth Amendment right to counsel, and so suggestive as to constitute a violation of due process of law. At this stage of the proceedings, appellant was clearly not entitled to counsel. See *Commonwealth v. Richman*, 458 Pa. 167, 320 A. 2d 351 (1974). Nor, with three other individuals present, was the confrontation unnecessarily suggestive as to create a strong likelihood of misidentification. See *Commonwealth v. Hall*, 217 Pa. Superior Ct. 218, 269 A. 2d 352 (1970).

the passenger's seat. He then directed the passengers to get out of the car, and saw a wad of currency stuffed in the corner of the back seat. The four men were then arrested and taken back to the grocery store where appellant was identified as one of the robbers.

We cannot agree with appellant that the initial stop of the car was without probable cause. The standards for probable cause were recently summarized by this court in *Commonwealth v. Billock*, 221 Pa. Superior Ct. 441, 446, 289 A. 2d 749 (1972): " 'Probable cause' . . . exists if 'the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information were sufficient in themselves to warrant a man to reasonable caution in the belief' that the suspect had committed or is committing a crime. Carroll v. United States, 267 U.S. 132, 162, 45 S. Ct. 280, 288 (1925). See also, McCray v. Illinois, 386 U.S. 300, 87 S. Ct. 1056 (1967); Commonwealth v. Brayboy, 431 Pa. 365, 246 A. 2d 675 (1968). . . . 'While it is true that suspicion and conjecture do not constitute probable cause (Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509 (1964)), it is equally true that probable cause means less than evidence which would justify conviction: United States v. Ventresca, 380 U.S. 102, 85 S. Ct. 741 (1965). It is only the probability, and not a prima facie showing, of criminal activity that is the standard of probable cause. Beck v. Ohio, 379 U.S. 89, 85 S. Ct. 223 (1964).' "

Under these standards, we find that the coalescence of the following factors established the requisite probability to justify the officer's stopping of the vehicle: the officer observed two men travelling together who wore clothing that matched the clothing worn by the robbers; appellant, wearing the blue shirt, also had a thin mustache described by the victim; the vehicle was seen a relatively short distance from the store, travelling away from it; and the officer saw the men a matter of min-

utes after the store was robbed. See *Commonwealth v. Jones*, 457 Pa. 423, 322 A. 2d 119 (1974) ; *United States ex rel. Hollman v. Rundle*, 461 F.2d 758 (3d Cir. 1972). These circumstances, existing together, at that moment and at that particular place, raised a strong enough probability of criminal involvement by the occupants of the car to allow the officer to stop the car. His subsequent arrest of the occupants after observing the gun and the money was legally justified under the circumstances.

The judgments of sentence are affirmed.

JACOBS, J., would affirm on the opinion of Judge MARSHALL of the court below.