377 A.2d 1376

**COMMONWEALTH of Pennsylvania**

v.

**Jimmy DANIELS, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 23, 1977.
Decided Oct. 7, 1977.

Joshua D. Lock, Public Defender, Frederic G. Antoun, Jr., Asst. Public Defender, Harrisburg, for appellant.

LeRoy S. Zimmerman, Dist. Atty., Marion E. MacIntyre, Second Asst. Dist. Atty., Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

174

OPINION

PACKEL, Justice.

The sole ground urged for reversal is the ruling of the court below that appellant's clothing, taken from him when he was issued prison clothing, could be used at the trial to help identify the appellant.* It is claimed that this was an improper use of evidence obtained by an unreasonable search and seizure.

There can be little doubt but that seizure of the clothing was justified as an incident to arrest or as a routine caretaking procedure. In *Commonwealth v. Bundy*, 458 Pa. 240, 245–6, 328 A.2d 517, 520 (1974), this Court held:

"The taking of the trench coat, which he was wearing at the time of his arrest, constituted a search incident to a lawful arrest. See *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1968); *Preston v. United States*, 376 U.S. 364, 367, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); *Commonwealth v. Sharpe* [449 Pa. 35, 296 A.2d 519] *supra; Commonwealth v. Brayboy*, 431 Pa. 365, 246 A.2d 675 (1968). The mere fact that the seizure of the coat was not contemporaneous with the seizure of the person of the appellant, but rather occurred after he had been removed to the place of detention, does not prevent the seizure from being considered incident to the arrest. *United States v. Edwards*, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974); *United States v. England*, 474 F.2d 1343 (4th Cir. 1973); *Wright v. Edwards*, 470 F.2d 980 (5th Cir. 1972)."

In *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), the Supreme Court of the United States upheld the use of evidence obtained from the defendant's automobile in the course of a caretaking function of the police.

* A collateral issue raised by appellee is non-compliance with Pa.R. Crim.P. 323. However, the record appears to indicate that defense counsel had not learned of the intent of the Commonwealth to use the clothing as evidence until after the trial had commenced.

The clothing in the instant case, having been taken by representatives of the Commonwealth under reasonable circumstances, could be used for evidentiary purposes. There was no unlawful search or seizure. It is suggested that we treat the situation as though there were a second search and seizure when the police took the clothing from the prison authorities for use as evidence. Protection of constitutional rights should be enforced directly and indirectly but that does not mean that a court should indulge in a fiction to create a constitutional basis for an attack on the use of admissible evidence.

Judgment affirmed.

ROBERTS and NIX, JJ., concur in the result.