## Commonwealth v. Little

*William R. Muir, Jr.* and *William H. Lamb*, for Commonwealth.

*Harry W. Farmer, Jr.*, for defendant.

MARRONE, *P.J.*, November 25, 1977—Thomas S. Little was before this court on October 13 and 14, 1977, for a hearing on a motion to suppress evidence of a boot print which had been secured by a criminal investigator for the Pennsylvania state police. The motion to suppress was granted and the evidence suppressed and the Commonwealth has appealed.

The record of testimony from the suppression hearing may easily be summarized. On December 4, 1976, trooper George March, a criminal investigator for the Pennsylvania state police, went to the West Goshen Police Township station to investigate any connection defendant Little may have

had with a burglary that had occurred December 3, 1976. At the time Little was incarcerated on a totally unrelated charge.

Trooper March advised defendant of his constitutional rights against self-incrimination which defendant indicated that he understood. Trooper March then directed defendant to take off his boots, explaining that he wanted to take a boot print to see if defendant's boot print matched one found at the scene of the burglary the trooper was investigating. At the time that the trooper was collecting defendant's boot print, the only evidence available to the state police concerning defendant's involvement in the burglary was that his car had been seen several times in the immediate vicinity where the burglary occurred. Trooper March testified that it was sheer conjecture on his part that defendant's car had been involved in the burglary. Defendant complied with trooper March's request and a boot print was taken, after which defendant's boots were returned to him. While defendant was in custody of the police as a result of having been arrested on another charge, he had not been placed under arrest for the burglary charge at the time of the above-described investigation. In fact, the record of testimony from the suppression hearing suggests that trooper March was taking the boot print from defendant in an effort to establish probable cause for defendant's arrest on the burglary charge.

The issues before the court are whether the obtaining of defendant's boot constitutes a search and, if so, since it was conducted without a warrant, whether defendant consented thereto.

The issue presented by the factual setting must be resolved by a consideration of defendant's rights under the Fourth Amendment to the United States

Constitution. The taking of the boot print is not a question of testimonial versus nontestimonial communication such as may be protected by the Fifth Amendment to the Constitution but rather a question of an impermissible search invading defendant's right to be protected from such searches as guaranteed by the Fourth Amendment. Unlike Com. v. Daniels, 474 Pa. 173, 377 A. 2d 1376 (1977), and Com. v. Bundy, 458 Pa. 240, 328 A. 2d 517 (1974), where, after a lawful arrest, articles of clothing were taken from the person of an individual for later use at trial to prove the identity of the accused, the seizure of the boot in the instant matter was not incident to a lawful arrest. The police were attempting to justify an arrest based on what they hoped to be able to conclude upon taking the evidence of the boot print. In Bundy, a trench coat was taken from an accused because it had been described by a witness as an article of clothing being worn by the accused at the time of the crime. The court held without hesitation that the taking of the trench coat constituted a search. Likewise, in the instant matter, when trooper March secured the boot from defendant in order to obtain a boot print, the taking of the boot constituted a search. Since that search was not incident to a lawful arrest and was not conducted pursuant to a warrant, this court held such warrantless search to be unreasonable and suppressed the evidence thereby obtained. Defendant was in police custody on another charge affording ample time and opportunity for the police officer investigating a possible subsequent offense to obtain a search warrant for defendant's boots.

Finally, defendant cannot be held to have consented to the search by his failure to do anything

other than comply with the officer's request that he turn over his boot. Consent to search must be given freely, specifically, unequivocally and voluntarily in an atmosphere of total absence of duress and coercion, either express or implied: Commonwealth v. Mamon, 449 Pa. 249, 297 A. 2d 471 (1972). Defendant here was in a custodial environment surrounded by uniformed police officers and being confronted by an individual who had identified himself as a criminal investigator of the Pennsylvania state police and then proceeded to warn defendant concerning his constitutional rights against self-incrimination. Such an environment does not have the atmosphere of total absence of coercion, either express or implied. In this case all that was shown was a compliance with the request of the police officer. As such, the prosecution failed to meet its burden of establishing that the consent was specific and absolutely clear or that it was given understandingly, freely and voluntarily. The suspect, incarcerated by reason of an unrelated charge, gave no affirmative indication that he consented to the search.

In summary, this court finds that the obtaining of the boot was a search, that no warrant was obtained prior to the search, and that the Commonwealth failed to demonstrate a valid consent to the warrantless search.

Accordingly, this court entered its order of October 14, 1977, granting defendant's motion to suppress and suppressing the evidence of the boot print.