381 A.2d 491

**COMMONWEALTH of Pennsylvania**

v.

**Edward MARTIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided Dec. 28, 1977.

Michael L. Stibich, Public Defender, Johnstown, for appellant.

John J. Kuzmiak, Assistant District Attorney, Johnstown, and D. Gerard Long, District Attorney, Ebensburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The appellant, Edward Martin files this direct appeal following jury trial, conviction, denial of post-trial motions, and sentencing on receiving stolen property charges. He raises several allegations of error.

The appellant's initial contention is that the lower court erred in denying his motion to suppress certain evidence seized from his residence and admitted against him at trial. The record shows that on June 19, 1974, a search of the appellant's automobile disclosed a $1,000.00 United States Savings Bond which had been among the items missing after a burglary which had occurred at a local law firm two days earlier. Based upon this discovery, officers obtained a search warrant the same day to search appellant's residence for other items taken during the same law firm burglary. While searching the appellant's bedroom, an officer discovered in a dresser drawer, an envelope bearing eight, fifty dollar ($50.00) United States Savings Bonds as well as a drivers license, all in the name of one Patrick O'Donnell. The officer believed the items to be stolen and called a neighboring police department to ask if there had been any report of items taken from O'Donnell. It was confirmed by that department that the bonds and license had recently been stolen from O'Donnell.[1]

The appellant maintains that the bonds and license should have been suppressed as evidence, since he claims the Commonwealth had no right to seize them. We must disa-

1. Some days later a search was made in a tavern where appellant was employed as a bartender. Other items taken from O'Donnell were discovered. Such items were not the subject of the denial of suppression now appealed.

gree. In *Harris v. United States,* 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067, 1069 (1968), the United States Supreme Court stated: "It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." The so called "plain view" doctrine was further amplified in *Coolidge v. New Hampshire,* 403 U.S. 443, 466–8, 91 S.Ct. 2022, 2033–39, 29 L.Ed.2d 564, 583–4 (1971), where it was stated: "The doctrine serves to supplement the prior justification—*whether it be a warrant for another object,* hot pursuit, search incident to lawful arrest, or some other legitimate reason for being present unconnected with a search directed against the accused—and permits the warrantless seizure. . . . Where . . . the police inadvertently come upon a piece of evidence, it would often be a needless inconvenience, and sometimes dangerous—to the evidence or the police themselves—to require them to ignore it until they have obtained a warrant particularly describing it."[2] [Emphasis added]. The plain view doctrine has been a factor in other cases before our Court. See *Commonwealth v. Nastari,* 232 Pa. Super. 405, 335 A.2d 468 (1975); *Commonwealth v. Clelland,* 227 Pa.Super. 384, 323 A.2d 60 (1974); *Commonwealth v. Brayboy,* 209 Pa.Super. 10, 223 A.2d 878 (1966).

In the instant case, the officer clearly had the right to be in the position to discover the bonds which were the object of appellant's suppression efforts. The officer had a valid warrant to search the appellant's residence for bonds from another theft which it was reasonably believed might be at that location. The law does not require an officer to ignore contraband in these circumstances nor does it require him to leave the premises and obtain a second warrant prior to undertaking a seizure. We must therefore reject the suppression contentions raised by appellant.

**2.** While the language quoted is from a plurality opinion by Mr. Justice Stewart, in *Coolidge,* it clearly states the majority view of the Court and has been adopted as such in our Commonwealth. See *Commonwealth v. Davenport,* 453 Pa. 235, 308 A.2d 85 (1973).

The appellant next raises several claims of error with respect to the trial court's charge to the jury. Specifically, he contends that:

1. The court erred in failing to instruct the jury on the effect which "equal access" might have had on any inference of possession which they might have drawn from the fact that stolen items were found in a room of appellant's residence.

2. The court erred in instructing the jury to the effect that it was not necessary for the Commonwealth to negate joint control.

3. The court erred in instructing the jury that the defendant had the burden of explaining why he had possession of the stolen property.

The record shows that at the conclusion of the trial court's charge to the jury, the appellant's counsel objected to only two matters. He first joined the request of counsel for appellant's co-defendant that the jury be instructed that they could find one defendant not guilty even if they found the other defendant guilty. Second, he asked that the court instruct the jurors that they could only consider the bonds as evidence against appellant, and not other items found in the tavern where appellant was employed. There was no other specific objection to the parts of the charge, as noted above, which are now challenged on appeal. In those circumstances, such claims of error in jury instructions must be deemed to have been waived for purposes of appellate review. See Pennsylvania Rule of Criminal Procedure 1119(b); *Commonwealth v. Brown*, 467 Pa. 512, 519–20, 359 A.2d 393, 397 (1976); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

Appellant also raises other arguments with respect to alleged errors in the court's charge to the jury. These latter contentions are based upon the denial of requested points for charge which were submitted to the court in writing prior to its charge to the jury. Where a point for charge is timely offered to the court and rejected, there is no requirement that the offering party take further action, at trial, to preserve the point for post-trial motions and appeal pur-

poses. *Commonwealth v. Williams,* 463 Pa. 370, 344 A.2d 877 (1975).[3]

■ With respect to the first point for charge appellant contends that the court should have charged the jury that they could only consider the bonds found in appellant's residence as evidence against the appellant and that they should not consider (as evidence against appellant) any of the items seized at the tavern where appellant worked. We cannot agree. The record shows that the court carefully instructed the jury on the elements of possession or joint possession and clearly pointed out the correct rules to the jurors concerning joint possession, constructive possession, and the necessary knowledge, lack of access by others, and dominion and control necessary to find any accused guilty of the possession of the goods in question. In view of these instructions and the evidence that he worked in the tavern where stolen goods were found, the first point for charge was properly rejected.

■ The second of appellant's claims concerns two requested points for charge which essentially stated that the jurors had to find that only the appellant, and no other person, had dominion or control or access to the place where the stolen items were discovered. On these issues, the court charged as follows:

"[W]e might state that in order for you to convict a defendant, that you would have to find beyond a reasonable doubt that that defendant did receive certain things or items himself knowing that they were stolen, or believing them to have probably been stolen without the intent of restoring them to the owner, and in order for you to convict the defendants, you must decide that this defendant had the access to the stolen property, found where it was found, and that he had the access to the area in which it was found, and in order to convict a defendant, you must eliminate from your minds that another person had

**3.** The denied points for charge are similar to the earlier mentioned objections to the charge. However, the waiver of those objections cannot be deemed as a waiver of denied points for charge.

any dominion or control over the area, and be satisfied that the defendant, be satisfied beyond a reasonable doubt, that the defendant had control over the area, and the contact, and that if you find that there were other people who had access to the area that the items were found in, and if you find that—these were not in fact in possession of the defendant, with him having knowledge that they were stolen or believing that they probably had been stolen, then you have to find the defendant not guilty of the crime as charged."

The Court's charge as previously noted, adequately and correctly explained rules of law by which the jury should have been guided on the issues of custody, access and control. Thus, we must dismiss the appellant's claims of error in the trial court's rejection of the proffered points for charge on these issues.

Last, the appellant maintains that the evidence was insufficient to support conviction. We cannot agree. An envelope containing stolen bonds and a drivers license was found in a closed dresser drawer in the appellant's bedroom. The officer who searched the room found no evidence of anyone other than appellant using the room. The evidence of appellant's dominion and control together with the "unique" nature of the stolen property was clearly sufficient to support a verdict of guilty to the charge of receiving stolen property. See *Commonwealth v. McFarland*, 452 Pa. 435, 308 A.2d 592 (1973); *Commonwealth v. Stephany*, 228 Pa.Super. 184, 323 A.2d 368 (1974).

Affirmed.

HOFFMAN, J., concurs in the result.

SPAETH, J., files a concurring opinion.

SPAETH, Judge, concurring:

I agree with the majority that the bonds found at appellant's residence were in plain view, but I wish to note that appellant makes an initial argument, which the majority has not dealt with: that the warrant was issued without proba-

ble cause. The warrant was issued on the basis of a stolen bond found in appellant's car (the authority of that search is not in question). In my opinion, this was sufficient to cause a man of reasonable caution to believe that other fruits of the same law firm robbery would be at appellant's residence. *See Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); *Commonwealth v. Frye,* 242 Pa.Super. 144, 363 A.2d 1201 (1976).

The majority holds that the trial judge adequately instructed the jury on the issues of control, custody, and access. I disagree. The judge's instructions were unclear and at least one part ("[Y]ou must eliminate from your minds that another person had any dominion or control over the area. . . .") could have been interpreted as meaning that whether or not another person had control or access was irrelevant. Nonetheless, I believe the lack of adequate instructions was harmless error in the face of the fact that stolen bonds were found in appellant's dresser drawer at his residence. *Cf. Commonwealth v. Ferguson,* 231 Pa.Super. 327, 331 A.2d 856 (1974) (contraband found in defendant's garage in out-of-the-way place; held, sufficient evidence of possession since place was usually accessible only to defendant; presence of other persons not dispositive).

I would affirm the conviction for these reasons.