411 A.2d 814

**COMMONWEALTH of Pennsylvania**

**v.**

**Frank OZOVEK, Appellant.**

Superior Court of Pennsylvania.

Argued July 9, 1979.

Filed Oct. 12, 1979.

Petition for Allowance of Appeal Denied Feb. 8, 1980.

John J. Dunn, Sr., Public Defender, Scranton, for appellant.

Robert J. Farrell, Assistant District Attorney, Scranton, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

NIX, Judge:

This is an appeal from judgment of sentence entered upon a jury verdict finding appellant guilty of murder of the

* Justice ROBERT N. C. NIX of the Supreme Court of Pennsylvania, and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

third degree. The facts are as follows: On May 30, 1977, the decedent, 21-month old Veronca Rene Williams was left at appellant's home. Appellant and his wife were to care for the child that day. The record shows that appellant was alone with the child between 5 and 5:30 p. m. During that half hour defendant claimed that he had put the child to bed, and that 5 or 10 minutes later heard a "thud" from the room where he had left her. He went to the bedroom and found the child holding her head. After deciding that the child needed medical attention, he took her to a neighbor who drove appellant and the child to Community Medical Center. According to a Dr. Black, upon arrival the child was comatose with bruises on the face and neck. Dr. Black requested a police investigation because the child's condition seemed inconsistent with appellant's story of a fall from bed. On June 3, 1977, the child died. An autopsy by Dr. Dimais revealed that death was due to traumatic, subdural hemorrhage with secondary cerebral edema and compression of the brain. Dr. Dimais testified that these injuries were not consistent with a fall from a bed. On June 16, 1977, on his own initiative, appellant approached the district attorney and, after twice being given *Miranda*[1] warnings, made a statement admitting that he had struck decedent repeatedly on May 30. Appellant stated that he felt the decedent's mother (his sister-in-law) was responsible for his own marital problems and that this had prompted his attack on the child.

■ The appellant's contention that the above evidence is insufficient to support the jury's verdict is meritless. The direct and circumstantial evidence is more than adequate to sustain the verdict. *See Commonwealth v. Matthews*, 480 Pa. 33, 36, 389 A.2d 71, 73 (1978); *Commonwealth v. Williams*, 476 Pa. 557, 562 n.2, 383 A.2d 503, 505 n.2 (1978); *Commonwealth v. Paquette*, 451 Pa. 250, 255, 301 A.2d 837, 839 (1973).

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Likewise, appellant's assertion that his confession should have been suppressed because it was involuntary is without merit. Viewing the suppression court record under the traditional standard, *see Commonwealth v. Silo*, 480 Pa. 15, 18, 389 A.2d 62, 63 (1978), it is clear that the confession was voluntary. Appellant himself initiated the meeting with the authorities at which he confessed, and his statement was twice preceded by the required constitutional warnings. There is no evidence of coercion, either physical or psychological. Appellant's contention that he confessed out of fear that his wife might be implicated would not negate, as a matter of law, voluntariness. It is simply additional evidence which the court is free to believe or disbelieve. *See generally Commonwealth v. Watson*, 239 Pa.Super. 426, 360 A.2d 710 (1976), *allocatur denied.*

Judgment of sentence affirmed.