UNITED STATES of America,
Appellant,

v.

Michael NEWMAN.

No. 82–5109.

United States Court of Appeals,
Third Circuit.

Argued July 7, 1982.

Decided Aug. 3, 1982.

Rehearing and Rehearing En Banc
Aug. 24, 1982.

J. Alan Johnson, U. S. Atty., Paul J. Brysh (argued), Asst. U. S. Atty., Pittsburgh, Pa., for appellant.

Thomas A. Livingston (argued), Dennis J. Clark, Livingston, Miller, O'Malley & Clark, Pittsburgh, Pa., for appellee.

Before SEITZ, Chief Judge, VAN DUSEN and SLOVITER, Circuit Judges.

**OPINION OF THE COURT**

SLOVITER, Circuit Judge.

Pursuant to 18 U.S.C. § 3731, the government appeals the district court's order sup-

pressing certain evidence seized by law enforcement officials during a search of defendant's office pursuant to a warrant. The evidence of the articles seized was the basis for defendant's subsequent indictment. We hold that the evidence should not have been suppressed, and therefore reverse.

## I.

On July 30, 1981, agents of the federal Alcohol, Tobacco, and Firearms Bureau conducted a warrant-authorized search of defendant Newman's office in McKeesport, Pennsylvania. The warrant was issued on the basis of the affidavit of a special agent from the Bureau. The affidavit recited that on May 6, 1981 a named employee of Newman had provided information that he had seen guns in Newman's apartment and office, particularly a shotgun in the corner of Newman's office which Newman had told him "was for protection"; that on May 12, 1981, a confidential informant had stated that he had seen a shotgun located in the same corner of the office; that on June 24, 1981, an undercover agent had entered Newman's office and observed "a long, blue barreled shotgun" in the same corner; and that on July 28, 1981, the affiant verified that Newman was a convicted felon, which would have rendered his possession of a shotgun a violation of 18 U.S.C. § 922(h). App. at 6a–7a. The affidavit concluded with the affiant's statement that he had reason to believe, based upon his experience as an agent of the Bureau, that Newman's office contained "a long blue barrelled shotgun and ammunition for the operation of the shotgun and other fruits and instrumentalities of the previously described crime." App. at 7a–8a. The search warrant, issued on July 29, 1981, authorized a search of Newman's office for "a long blue barreled shotgun, any and all ammunition for the shotgun, any and all documentation of acquisition of the shotgun, ownership and possession of the shotgun along with documentation of ownership, possession or control of the office."

In the course of the search of Newman's office, the agents seized, *inter alia*, the shotgun described in the affidavit, a variety of ammunition found in Newman's desk, a .38 caliber revolver found in a closed briefcase located on a credenza in the office, and numerous documents found both in the briefcase and elsewhere in the office. Thereafter, Newman was indicted on two counts of violating 18 U.S.C.App. § 1202(a)(1), count 1 based on his alleged possession of the shotgun, and count 2 based on his alleged possession of the revolver. Newman moved to suppress the evidence seized in the search of his office on the ground, *inter alia*, that the search violated his rights under the Fourth Amendment.

Following a hearing, the district court entered an order on February 18, 1982 granting the motion to suppress "with respect to the seizure of the handgun obtained by a search of a closed briefcase on the credenza in the defendant's office," and denying the motion to suppress "in all other respects." The order further stated that the court would "supplement this ruling with appropriate findings of fact and conclusions of law." In its supplemental opinion, delivered orally on February 26, 1982, the district court distinguished between the validity of the search of the office pursuant to a "search warrant limited to a search of the premises for the weapon and ammunition and documentation of ownership", App. at 60a, and the search of the briefcase itself. The court concluded that the search warrant

> was a proper and valid warrant for a search of the premises known as Mr. Newman's office and the premises which actually were searched, and that that would include and there was probable cause for the agents to search the fixtures in that office ... for the documentation of ownership of the office and of the shotgun and for ammunition, and that the warrant was not a valid warrant for a search of the briefcase which was on the credenza, and that the agents acted unreasonably in extending their search under that warrant or incident to that warrant to the briefcase which was on the premises, because there was an insufficient basis for them reasonably to believe that they would find the objects

authorized by the warrant to be searched for and seized in the briefcase. App. at 62a–63a. The district court therefore stated that "the motion of the defendant to suppress will be granted as to those items found in the briefcase and denied as to all other matters seized." App. at 63a.

## II.

■ The government contends that the district court's holding that the warrant for the office did not encompass the briefcase "is contrary to the basic principle that a warrant-authorized search of a place may encompass any containers in which objects named in the warrant might be found." Government's Brief at 5. We agree. The district court apparently was under the impression that the warrant should have specifically designated the briefcase as an area to be searched. App. at 62a. However, an authorized search may encompass any containers in which the objects may reasonably be found. *See United States v. Morris*, 647 F.2d 568, 572–73 (5th Cir. 1981). This principle was recently reaffirmed by the Supreme Court, which stated,

A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. Thus, a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found .... When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, or between glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand.

*United States v. Ross*, —— U.S. ——, —— ——, 102 S.Ct. 2157, 2169–71, 72 L.Ed.2d 572 (1982) (footnotes omitted). The dimensions of a briefcase may be too small to permit the searchers to reasonably expect to find a shotgun there. On the other hand, it is not unreasonable to expect to find ammunition in a briefcase found in the same room as a shotgun or to find documentation relating to ownership of an office in a briefcase found in that office. Therefore, if the warrant validly authorized a search for ammunition and documents, the court erred in holding that the search could not properly extend to the opening of the briefcase. *See United States v. Micheli*, 487 F.2d 429 (1st Cir. 1973).

■ The district court upheld the validity of the search warrant itself. Newman argues that the suppression order should be affirmed because the warrant was defective on the ground that there was no probable cause for a search for either ammunition or documentation.[1] The affidavit upon which the warrant was based, while replete with references to the shotgun, is devoid of any mention either of ammunition or of documents relating to ownership, possession or control of the shotgun or office. The conclusory statement of the affiant that based on his experience he had reason to believe that ammunition and "other fruits and instrumentalities of the ... crime" would be found in the office cannot serve as a substitute for a demonstration of probable cause in the factual recitations of the affidavit.

■ Nevertheless, we believe that the district court was correct in holding that there was sufficient probable cause to support the magistrate's authorization of a search of the premises that extended at least to ammunition as well as to the shotgun. App. at 58a. One can reasonably infer that where a gun is located, ammunition is likely to be found particularly, as in this case, where the affidavit recited that Newman claimed the gun was there for protection. This differs from a situation where the gun is retained as, for example, a collector's piece.

---

1. Newman appears to concede that there was sufficient probable cause to authorize a search for the shotgun.

Since the search of the briefcase leading to the seizure of the revolver would have been proper pursuant to a search warrant which authorized a search only for the shotgun and ammunition, we need not reach the more troublesome issue of whether probable cause existed to authorize a search for documents pertaining to ownership, possession or control of the shotgun or office. The parties briefed and argued this case as if the order suppressed the documents found in the briefcase as well as the revolver. The district court's order, which was not included in the appendix despite the requirement to do so in Rule 10(3) of the Rules of this Circuit, provided only "that *with respect to the seizure of the handgun* obtained by a search of a closed briefcase on the credenza in the defendant's office, the motion to suppress be, and the same hereby is, granted and *the handgun shall not be permissible as evidence* at trial; and that in all other respects the motion to suppress evidence be, and the same hereby is, denied." Order of February 18, 1982 (emphasis added). There is some language in the court's subsequent oral opinion that all of the contents of the briefcase should be suppressed, App. at 63a, but there is other language referring only to suppression of the revolver. App. at 55a. In any event, it is only the order itself which is appealable, and the suppression order is limited to the handgun. We are not free to speculate as to what the district court might have intended to do, but must proceed on the basis of what it actually did. We hold that the warrant validly authorized a search for ammunition, and that pursuant to that search the agents properly opened the briefcase.[2]

Once the briefcase was properly opened, the revolver was properly seized under the "plain view" exception to the warrant requirement. The district court found that "when the agent opened the briefcase, the agent noticed something wrapped in terry cloth in the briefcase, triangular in form, and which the agent recognized and believed to be, before unwrapping the wrapped object, a handgun." App. at 55a. We reject Newman's contention that the fact that the revolver was concealed in a non-transparent material removes it from the plain view doctrine.

Accordingly, the order of the district court suppressing the revolver found in the briefcase will be reversed, and the case remanded for further proceedings not inconsistent with this opinion.

---

**2.** Although the affidavit of one of the agents who executed the search warrant stated that the search of the briefcase was conducted "for the purpose of recovering documentation of the possession and control of the office along with ownership, acquisition and possession of the . . . shotgun," the failure of the agent to state that he was also searching for ammunition is not fatal. As the Supreme Court stated in *Warden v. Hayden,* 387 U.S. 294, 299, 87 S.Ct. 1642, 1646, 18 L.Ed.2d 782 (1967), the failure of the executing officer to "state explicitly" that he was searching for a particular item, "in the absence of a specific question to that effect, can hardly be accorded controlling weight."