471 A.2d 547
**COMMONWEALTH of Pennsylvania,**

v.

**Charles FLECK, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 2, 1983.

Filed Feb. 3, 1984.

228

230

Joshua D. Lock, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and CERCONE, JJ.

WIEAND, Judge:

Charles Fleck was tried non-jury and was found guilty of possession of marijuana with intent to deliver.[1] On direct appeal from the judgment of sentence, Fleck contends (1) that the evidence was insufficient to sustain the verdict; (2) that an inculpatory statement made by him to the police was involuntary; (3) that physical evidence seized from his apartment should have been suppressed; and (4) that the trial court erred in disallowing cross-examination of police officers regarding an informant against appellant in a separate case. These contentions have no merit and, accordingly, we affirm.

State police acquired information from an informant that property taken during a burglary could be found in appellant's apartment at 4939 Eastman Drive, Lower Paxton Township, Dauphin County. The police prepared an affidavit for a search warrant in which the informant was identified as a participant in the burglary who had delivered some of the stolen property to appellant's apartment. When the police arrived at the apartment with a search warrant, they found appellant's girl friend, Susan Hocker, in residency. During the search for stolen property the police found marijuana on a scale in the kitchen and in a handbag. They also found approximately ten pounds of marijuana in a large, canvas gym bag on the floor of the bedroom which was being shared by appellant and Susan Hocker. When appellant returned to his apartment shortly thereafter, he was advised of his *Miranda* rights. He denied ownership of the gym bag. He made inculpatory statements regarding stolen property found in the apartment, however, and was placed under arrest. While being transported between the state police barracks and the office of the arraigning magistrate, appellant was asked again about the gym bag, and he was told that the police would deem items found inside the apartment to have been in the joint control of

1.  35 Pa.C.S. § 780–113(a)(30).

both Fleck and his girl friend. Appellant then told police that the marijuana found in the gym bag and also that in Hocker's handbag belonged to him.

■ Evidence that marijuana was found in appellant's apartment, together with his admission that it belonged to him, was sufficient to prove appellant's possession of marijuana. The circumstances under which it was found and the quantity thereof were sufficient to permit an inference that appellant intended to deliver some or all of the marijuana to other persons and did not intend it solely for personal use. See: *Commonwealth v. Bowermaster*, 297 Pa.Super. 444, 453, 444 A.2d 115, 119 (1982); *Commonwealth v. Harmes*, 255 Pa.Super. 147, 151, 386 A.2d 551, 552 (1978).

■ Before the Commonwealth could make use of the inculpatory statement made by appellant while in police custody, it was required to prove by a preponderance of the evidence that the statement was voluntary. *Commonwealth v. Bullard*, 465 Pa. 341, 346, 350 A.2d 797, 799 (1976); *Commonwealth v. Reynolds*, 300 Pa.Super. 143, 146, 446 A.2d 270, 272 (1982). "[T]he ultimate test for voluntariness is whether the confession is the product of an essentially free and unconstrained choice by its maker." *Commonwealth v. Smith*, 470 Pa. 220, 225, 368 A.2d 272, 275 (1977), quoting *Commonwealth v. Alston*, 456 Pa. 128, 133, 317 A.2d 241, 243 (1974). Accord: *Commonwealth v. Betrand*, 484 Pa. 511, 518, 399 A.2d 682, 686 (1979). "An evaluation seeking to determine whether a confession is voluntary must consider the totality of the circumstances." *Commonwealth v. Betrand, supra*, 484 Pa. at 519, 399 A.2d at 686. All circumstances "which may serve to drain one's power of resistance to suggestion and undermine his self-determination" must be considered. *Commonwealth v. Betrand, supra.* "When the question of voluntariness passes beyond the realm of physical coercion and into degrees of psychological coercion, most careful attention will be afforded to any facts, circumstances or events tending to overbear the will of the accused." *Commonwealth v. Smith, supra* 470 Pa. at 225–226, 368 A.2d at 275,

quoting *Commonwealth v. Alston, supra* 456 Pa. at 134, 317 A.2d at 244. Accord: *Commonwealth v. Kichline,* 468 Pa. 265, 279, 361 A.2d 282, 290 (1976).

█ In the instant case, Fleck was specifically advised of his rights under *Miranda.* He did not elect to remain silent but freely made statements to the police. His willingness to speak with the police continued even after he was in custody. A careful review of all the circumstances leads us inevitably to the conclusion that he was not coerced to make an inculpatory statement against his will. He was not coerced physically in any way. His admission of ownership resulted, rather, from a conscious decision to protect Susan Hocker, the girl friend whom appellant subsequently married. His desire to protect his girl friend was not coercive per se. It was merely evidence which could be considered by the trial court in determining whether the accused's will had been overborne. *Commonwealth v. Ozovek,* 270 Pa. Super. 468, 471, 411 A.2d 814, 815 (1979). See: *Commonwealth v. Garnett,* 267 Pa.Super. 41, 44, 405 A.2d 1293, 1294–1295 (1979) (emotional state of accused is evidence to be considered in determining voluntariness of confession). The trial court determined that appellant's statement had been voluntarily given; and that determination is fully supported by the evidence. Thus, it was not error to permit Fleck's statement to be received in evidence. See and compare: *United States v. Reese,* 351 F.Supp. 719, 721 (W.D.Pa.1972) (police statement to defendant that if he didn't confess his live-in girl friend would be booked was not coercive); *Commonwealth v. Ozovek, supra* (defendant's confession because of fear that his wife would be implicated was not coerced).

█ The trial court properly refused to suppress the marijuana found in the gym bag. Police were searching for both large and small sized items of stolen property pursuant to a valid search warrant when the gym bag was discovered. At that time, not all items listed in the warrant had been found. Therefore, the police were entitled—even required—to open the gym bag in furtherance of the

234

search.  *United States v. Ross*, 456 U.S. 798, 820–821, 102 S.Ct. 2157, 2170, 72 L.Ed.2d 572, 591 (1982);  *United States v. Newman*, 685 F.2d 90, 92 (3d Cir.1982);  *Commonwealth v. Wheatley*, 266 Pa.Super. 1, 7, 402 A.2d 1047, 1050 (1979);  *Commonwealth v. Sellers*, 236 Pa.Super. 191, 195, 344 A.2d 689, 691 (1975).  "A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and it is not limited by the possibility that separate acts of entry or opening may be required to complete the search."  *United States v. Ross, supra* 456 U.S. at 820–821, 102 S.Ct. at 2170, 72 L.Ed.2d at 591.  In *Commonwealth v. Wheatley, supra*, this court stated, "a warrant to search a person's premises or effects includes the authority to search things under the control of that person."  *Id.* 266 Pa.Super. at 6, 402 A.2d at 1050.  When police came upon the marijuana they were not required to ignore it.  Neither was it necessary that they obtain an additional warrant before they seized it.  *Commonwealth v. Wheatley, supra*, 266 Pa.Superior Ct. at 7, 402 A.2d at 1050.  *Commonwealth v. Martin*, 252 Pa.Super. 265, 268, 381 A.2d 491, 492 (1977).  Having been lawfully seized, the contraband could be used as evidence against appellant during his trial for possession thereof.

Finally, appellant argues that the trial court erred because it refused to allow cross-examination of police witnesses regarding the identity of the informant who told police that stolen property could be found in appellant's apartment.[2]  There is no merit in this argument.  Before disclosure of an informer's identity is required, more is necessary than a mere assertion that such a disclosure might be helpful to the defense.  *Commonwealth v. Herron*, 475 Pa. 461, 466, 380 A.2d 1228, 1230 (1977);  *Commonwealth v. Davis*, 318 Pa.Super. 507, 515, 465 A.2d 669, 672 (1983).  Although the defendant cannot be expected to

**2.**  Appellant did not file a pre-trial application to compel disclosure of the informant's identity.  However, he did make an oral request for such information during a pre-trial suppression hearing.  Compare: *Commonwealth v. Bradshaw*, 238 Pa.Super. 22, 30, 364 A.2d 702, 706 (1975).

predict exactly what the informant would say if called as a witness, he must at least suggest a reasonable possibility that the informant could give testimony that would tend to exonerate the defendant so that it would be unfair to withhold it. *Commonwealth v. Herron, supra* 475 Pa. at 467, 380 A.2d at 1230; *Commonwealth v. Davis, supra* 318 Pa.Super. at 515, 465 A.2d at 672–673; *Commonwealth v. Knox*, 273 Pa.Super. 563, 568, 417 A.2d 1192, 1194 (1980); *Commonwealth v. Pritchett*, 225 Pa.Super. 401, 407–408, 312 A.2d 434, 438 (1973).

In the instant case, there is no reason to believe that the police informant had knowledge of relevant facts which would have been helpful to the defense. The informant's knowledge, insofar as it is revealed by the record, was limited to the separate crime of burglary and the storing of stolen goods in appellant's apartment. It was while police were searching for stolen property that, independent of any information obtained from the informant, they discovered marijuana. Appellant's speculation that the informant might have had information which would have enabled appellant to attack the validity of the police search warrant and the seizure of the marijuana was an inadequate basis for compelling the Commonwealth to disclose the identity of the informing burglary participant. See: *Rugendorf v. United States*, 376 U.S. 528, 535, 84 S.Ct. 825, 829, 11 L.Ed.2d 887, 893 (1964); *United States v. Cantor*, 470 F.2d 890, 892 (3d Cir.1972); *Commonwealth v. Davis, supra; Commonwealth v. Knox, supra; Commonwealth v. Garcia*, 261 Pa.Super. 296, 300, 396 A.2d 406, 408 (1978); *Commonwealth v. Crawley*, 209 Pa.Super. 70, 72–73, 223 A.2d 885, 887 (1966), *aff'd*, 432 Pa. 627, 247 A.2d 226 (1968).

In the absence of a showing that the informant had information relevant to the marijuana charge for which appellant was being tried, we cannot say that the trial court erred in refusing to permit cross-examination intended to elicit the identity of the person who gave information regarding appellant's possession of stolen property.

The judgment of sentence is affirmed.