545 A.2d 942

**COMMONWEALTH of Pennsylvania**

v.

**Edmund BAILEY, Appellant.**

Superior Court of Pennsylvania.

Argued April 27, 1988.

Filed July 25, 1988.

John D. Fognano, Philadelphia, for appellant.

Sandra L. Elias, Deputy District Attorney, Media, for Com., appellee.

Before CAVANAUGH, WIEAND and DEL SOLE, JJ.

CAVANAUGH, Judge:

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Delaware County, sentencing the appellant to an eighteen (18) month to five (5) year term of incarceration following his conviction on the charge of possession with intent to deliver or manufacture a controlled substance and a six (6) to twelve (12) month term of incarceration on the charge of delivery of, possession with intent to deliver, or manufacture with the intent to deliver, drug paraphernalia.[1]  We affirm.

The facts as developed at trial are as follows.  On May 22, 1986, State Trooper James D. Caccimelio observed the appellant operating a blue Chevrolet sedan on Interstate 95. The officer testified that he clocked the appellant travelling at a rate of 79 mph in the 55 mph zone;  accordingly, he stopped the vehicle and asked for the appellant's driver's license and registration.  When the appellant was unable to provide the foregoing documentation, Officer Caccimelio requested additional identification, whereupon the appellant removed a clear plastic bag containing a smaller bag filled with a white substances from the right breast pocket of his shirt.  The officer testified that he "suspected it was a controlled substance of some sort."  (N.T. 12/1/86 at p. 14.) He thereafter demanded to see the bag which the appellant had by that time returned to his pocket.  In response to the trooper's request, the appellant produced a white opaque

1.  The appellant was found guilty of Possession With Intent to Deliver or Manufacture a Controlled Substance (35 P.S. § 780–113(a)(30) and Delivery of, Possession with Intent to Deliver, or Manufacture With the Intent to Deliver, Drug Paraphernalia.  (35 P.S. § 780–113(a)(33)). He was also convicted of Knowing or Intentional Possession of a Controlled Substance (35 P.S. § 780–113(a)(16), but the charges merged for sentencing purposes.

envelope from the same pocket but, not satisfied, Officer Caccimelio reached into the pocket himself and retrieved the clear plastic bag he had previously observed. He described the bag in the following manner at trial:

It was a small plastic bag containing a white substance inside. Now within the—within that small plastic bag was a smaller plastic bag probably one by two inches. And it had a substance inside of that.

(N.T. 12/1/86 at p. 16.)

Suspecting that the substance was methamphetamine, Officer Caccimelio directed the appellant to step out of the vehicle. He then led him to the rear of said vehicle, applied handcuffs and reached into the appellant's right front pants pocket; this search revealed an additional plastic bag containing a white substance. *Miranda* warnings were subsequently administered, whereupon Officer Caccimelio placed the appellant in his vehicle and proceeded to conduct a search of the Chevrolet sedan. He testified that during the course of this search, he detected a "chemical-type smell." [2] After obtaining the keys from the appellant, the trooper opened the trunk of the Chevrolet sedan and found the following items:

... [T]wo metal pots. Within one pot was a plastic bag in—inside that was shredded aluminum foil. On the other side there was a a hot plate, a funnel, a brown bottle with the word methylamine on it, and a plastic bag containing suspected controlled substance.

(N.T. 12/1/86 at p. 33.)

The contents of the trunk were admitted into evidence at the jury trial, which commenced on December 2, 1986.[3] Verdicts of guilty as to all charges were rendered on December 3, 1986. Subsequent to the denial of Post–Trial

---

**2.** Officer Caccimelio testified that he had earlier detected the "chemical-type" odor while speaking with the appellant, noting that during the course of the search "and during the previous conversation, I had noticed an odor ..." (N.T. 12/1/86 at pp. 23–24).

**3.** The suppression hearing was conducted on December 1 and 2, 1986. Following its conclusion on December 2, trial commenced.

motions, sentence was imposed on June 22, 1987. This is an appeal from the judgment of sentence.

The following issues have been raised on appeal:

Was it in error for the trial court to permit the introduction into evidence of items seized from the defendant's locked trunk as a result of a warrantless search, absent the police officer's independent probable cause to believe that contraband or the fruits of a crime can be found within the car's locked trunk?

Was it error for the trial court to permit the introduction into evidence of items seized from defendant's locked trunk as being incident to a lawful arrest?

After a thorough review of the record and controlling authority, we affirm.

In *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), the Supreme Court of the United States held that, "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Id.* at 825, 102 S.Ct. at 2173, 72 L.Ed.2d at 594. The *Ross* court was presented with a situation in which police had probable cause to conduct a warrantless search of a vehicle. A search of the trunk compartment yielded a closed paper bag which, when opened, revealed glassine bags containing a substance later determined to be heroin. An additional search disclosed a zippered red leather pouch containing currency. The driver of the vehicle was charged with violating 21 U.S.C. § 841(a) [21 USCS § 841(a)], and the contents of both the paper bag and the pouch were submitted into evidence at trial. The defendant was convicted, but the conviction was reversed on appeal on the grounds that the warrantless search of the containers found within the trunk was invalid.[4] The Supreme Court reversed the lower court's ruling and held that the search

---

**4.** Initially, a three judge panel of the Court of Appeals held that the contents of the paper bag was admissible into evidence, but that the currency contained within the pouch was not. This ruling was modified by the court sitting *en banc,* which ordered the exclusion of both the heroin and the currency.

was permissible. Justice Stevens, writing for the majority, examined a line of cases dealing with the automobile exception to the warrant requirement, and concluded that:

> The scope of a warrantless search of an automobile thus is not defined by the nature of the container in which the contraband is secreted. *Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found.*

456 U.S. at 824, 102 S.Ct. at 2172, 72 L.Ed.2d at 593 (emphasis added).

It follows from the foregoing that if a police officer possesses probable cause to search a motor vehicle, he may then conduct a search of the trunk compartment without seeking to obtain probable cause relative to the particularized area.

Appellant herein challenges the applicability of *Ross* to the case *sub judice.* He cites *Commonwealth v. Long,* 489 Pa. 369, 414 A.2d 113 (1980)[5] in support of the proposition that, before a warrantless search is authorized, there must be "independent probable cause to believe that contraband or the fruits of a crime can be found within the car's locked trunk." (Appellant's Brief at 9). In *Long,* a case decided two years before *Ross,* our Supreme Court held that, "In reviewing the validity of a warrantless automobile search it must be recognized that the open areas of the car differ from the locked trunk, where the owner of the vehicle manifests a greater expectation of privacy." *Id.,* 489 Pa. at 375, 414 A.2d at 116. The decision in *Long* was based in part upon a suggestion in *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1976) that the diminished expectation of privacy normally attributable to motor vehicles does not apply to those areas "in which the owner has justifiably manifested a greater expectation of privacy." *Id.* 489 Pa. at 376, 414 A.2d at 116. However, both *Long* and *Chadwick* predate the ruling in *Ross.* Moreover, the

---

**5.** In *Long,* Justice Roberts authored the majority opinion in which Eagen, C.J. and O'Brien, Nix and Manderino, JJ. joined. Justice Flaherty filed a dissenting opinion in which Larsen and Kauffman, JJ. joined.

*Ross* decision has frequently been cited by the Courts of this Commonwealth.[6] In *Commonwealth v. Milyak*, 508 Pa. 2, 493 A.2d 1346 (1985), our Supreme Court recognized that *Ross* authorized the warrantless search of unopened containers discovered within vehicles. *Id.*, 508 Pa. at 9, 493 A.2d at 1349–1350. More recently, in *Commonwealth v. Neary*, 355 Pa.Super. 92, 512 A.2d 1226 (1986), *allocatur denied* 515 Pa. 576, 527 A.2d 537 (1987) this court held that the search and seizure of a gym bag's contents was proper under the *Ross* rationale. *Id.* 355 Pa.Super. at 100, 512 A.2d at 1230. In *Commonwealth v. Fleck*, 324 Pa.Super. 227, 471 A.2d 547 (1984), we noted that, "A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and it is not limited by the possibility that separate acts of entry or opening may be required to complete the search." *Id.*, 324 Pa.Superior Ct. at 234, 471 A.2d at 550 (*quoting Ross, supra*, 456 U.S. at 820–821, 102 S.Ct. at 2170, 72 L.Ed.2d at 591). In light of the above, we are persuaded that the *Ross* rationale represents the standard which must be applied when re-

**6.** Quite recently, in *Commonwealth v. Baker*, 518 Pa. 145, 541 A.2d 1381 (1988), our Supreme Court stated that "Certain exigencies may render the obtaining of a warrant not reasonably practicable under the circumstances of a given case, and, when that occurs, vehicle searches conducted without warrants have been deemed proper where probable cause was present." (518 Pa. 149, 541 A.2d at 1383.) (citations omitted). A reading of the record in the instant case convinces us that the requisite exigencies existed. As discussed in *Baker*, "[T]he exigencies of the mobility of the vehicle and of there having been inadequate time and opportunity to obtain a warrant rendered the search proper." (518 Pa. at 149, 541 A.2d at 1383) (citations omitted). In *Baker*, the police stopped a vehicle "approximately thirty minutes" after receiving information from a a reliable informant that the defendant/driver was in possession of a revolver. (518 Pa. at 149, 541 A.2d at 1383). In the case at bar, we are safe in assuming that the period between the initial observation of the car and the subsequent search was of even shorter duration. Moreover, while it might have been preferable for Officer Caccimelio to have immobilized the car and then proceed to obtain a warrant, "immobilization has been held to be an alternative, not a requirement." (518 Pa. at 149, 541 A.2d at 1383) (*citing Commonwealth v. Milyak, supra*). Accordingly, the officer was justified in his actions. Finally, it is significant that in *Baker*, the court cited *Ross, supra*, but made no mention of its prior decision in *Long, supra*.

viewing searches and seizures of this nature in Pennsylvania. We specifically recognize that we cannot and ought not overrule *Long*. However, it is obvious to us that, while not explicitly reversing the ruling, our Supreme Court has recognized the validity of the *Ross* rationale and has implicitly adopted it for application in this Commonwealth.

Applying this standard to the facts at bar, it is clear that Officer Caccimelio had probable cause to search the trunk of the appellant's vehicle. The appellant was initially stopped for a traffic violation. The validity of this stop is not at issue. Officer Caccimelio first noticed what he suspected to be methamphetamine when the appellant removed a bag containing a white substance from his shirt pocket. He also detected a "chemical-type smell" during the course of his conversation with the appellant. This eventually led to a search of the Chevrolet sedan, during the course of which the trooper detected a "chemical-type smell." Based upon these observations, Officer Caccimelio searched the trunk of the appellant's car and uncovered the paraphernalia described above.

Under examination by the prosecution, the trooper testified with respect to his background and his competency in identifying narcotics. He had been a police officer in State College prior to joining the State Police force, a position which required twelve weeks of training at the State Police Academy in Hershey. Part of this training included some classroom experience with narcotics. As Officer Caccimelio stated, "There were several days devoted to training with controlled substances." (N.T. 12/1/86 at p. 30). During these sessions, the trooper was instructed in the identification of various controlled substances. He testified that methamphetamine could be a powdery or chunky substance and that, while it could be white, it did not necessarily have to be that color. He further testified that, while he did not believe that he was shown any examples of the substance, he was instructed in the packaging thereof and advised that both cocaine and heroin had a similar appearance. Officer Caccimelio noted that he had

been a State College police officer for approximately two and one-half years. He indicated that during his tenure as a patrolman, he had come in contact with controlled substances "[n]umerous times." (N.T. 12/1/86 at p. 41). The trooper also stated that, according to his recollection, he had made one arrest involving methamphetamine and it was indicated that this occurred during his tenure with the State College Police Force. He testified that that narcotic had been "in a small packet in white, powdery form." (N.T. 12/1/86 at p. 43). Officer Caccimelio further noted that as a state trooper, he had been involved (in a non-arresting capacity) in another case dealing with methamphetamine. (N.T. 12/1/86 at p. 44). In light of the foregoing, it is evident that Officer Caccimelio had sufficient expertise in this area, and his suspicion that drugs were located on the premises constituted valid probable cause for the search.

In *Commonwealth v. Kendrick*, 340 Pa.Super. 563, 490 A.2d 923 (1985) this court noted the following with respect to the issue of probable cause:

Probable cause is a flexible commonsense standard. As the Supreme Court in *Texas v. Brown, supra* commented 103 S.Ct. at 1543:

It merely requires that the facts available to the officer would "warrant a man of reasonable caution in the belief," *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 288 [69 L.Ed 543] (1925), that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A "practical, nontechnical" probability that incriminating evidence is involved is all that is required. *Brinegar v. United States*, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311 [93 L.Ed 1879] (1949).

Moreover, when examining a particular situation to determine if probable cause exists, a court must consider all factors and not concentrate on any individual element. Furthermore, it is important to focus on the circumstances as seen through the eyes of a trained officer and not to

view the situation as an average citizen might. Finally, probable cause does not deal in certainties; rather, a court is faced with the factual and practical considerations of everyday life which affect how reasonable and prudent men act. *See Commonwealth v. Trenge,* 305 Pa.Super. 386, 451 A.2d 701, 705 (1982); *Commonwealth v. Tolbert,* 235 Pa.Super. 227, 230, 341 A.2d 198, 200 (1975).

*Id.,* 340 Pa.Superior Ct. at 570–571, 490 A.2d at 927.

Accordingly, we hold that Officer Caccimelio was justified in believing that contraband was located in the appellant's vehicle, and this belief constituted valid probable cause for the search of the trunk compartment under the *Ross* rationale.

The same result is required under Pennsylvania law. In *Commonwealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727 (1972), *cert. denied* 409 U.S. 867, 93 S.Ct. 164, 34 L.Ed.2d 116, our Supreme Court discussed various automobile exceptions to the warrant requirement, and observed:

As we recently stated in *Commonwealth v. Dussell,* 439 Pa. 392, 266 A.2d 659 (1970), the stopping of an automobile or the arrest of the driver of a motor vehicle for an ordinary traffic offense does not without more, permit a warrantless search of the vehicle. *To justify such a search, even though a movable vehicle is involved, an officer must have independent probable cause to believe that felony has been committed by the occupants of the vehicle, or that it has been used in the furtherance of the commission of a felony, or the officer must have a basis for believing that evidence of a crime is concealed within the vehicle, or that there are weapons therein which are accessible to the occupants. See Common-* wealth v. Dussell, supra,* and authorities cited therein.

*Id.,* 447 Pa. at 104, 288 A.2d at 735 (*quoting Commonwealth v. Lewis,* 442 Pa. 98, 101, 275 A.2d 51, 52 (1971) (emphasis added). Officer Caccimelio clearly had a "basis for believing that evidence of a crime [was] concealed

within the vehicle." *Id.* Accordingly, the search of the trunk was proper.

Even if we were to conclude that the *Ross* rationale did not represent the standard of law in this Commonwealth, the search of appellant's trunk would still pass constitutional muster. As noted in *Shaffer, supra,* if there is probable cause to believe that the occupants of the vehicle had committed a felony, a warrantless search is permissible. In *Commonwealth v. Long, supra,* the court held that this particular exception was inapplicable in the circumstances at bar, since the vehicle which had been searched contained more than one occupant and there was probable cause to believe that only *one* of those occupants had been involved in criminal activity. The court observed that, "The Commonwealth's argument incorrectly presumes that if one occupant is engaged in a felonious act, here possession of contraband, then all occupants including the driver may also be viewed as participants in that felonious act." *Long, supra,* 489 Pa. at 374, 414 A.2d at 115. In the case *sub judice,* the appellant was the only occupant of the vehicle in question, and Officer Caccimelio had probable cause to believe that he was in possession of a controlled substance. This being so, *Long* is distinguishable on its facts and does not control in this instance.

Appellant also contends that the lower court erred in permitting the contents of the locked trunk to be admitted into evidence under the search incident to arrest exception. This is an erroneous assumption. As the court clearly stated in an opinion filed on November 13, 1987, "Turning to the search of the trunk of Defendant's vehicle, our review of the facts reveals that Trooper Caccimelio had probable cause to believe that this vehicle contained contraband. In light of this probable cause, *the search of the trunk comes within the 'automobile' exception to the Fourth Amendment warrant requirement.* (Lower Court Opinion at 7) (emphasis supplied). Accordingly, this claim is without merit.

302

For all of the foregoing reasons, we find no error in the court below.

Judgment of sentence affirmed.

DEL SOLE, J., concurs in the result.