J-S80044-18

2019 PA Super 154

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
:
v. :
:
:
:
TRAVIS SCOTT : No. 3994 EDA 2017

Appeal from the Order November 15, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002581-2017

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

DISSENTING OPINION BY BOWES, J.: **FILED MAY 10, 2019**

I respectfully dissent from the majority's decision herein.  In my view, the warrantless search of Appellee's trunk was supported by probable cause under controlling legal precedent, thereby requiring reversal of the trial court's suppression ruling.

The majority correctly recognizes that in **Commonwealth v. Gary**, 91 A.3d 102 (Pa. 2014) (plurality),[1] the Pennsylvania Supreme Court aligned Pennsylvania jurisprudence with the United States Supreme Court's interpretation of the Fourth Amendment with regard to vehicle searches.  In so doing, it held that, where police possess probable cause to search a car, a warrantless search is permissible.  **Id**. at 138 (holding that, in this

_____

[1] **Gary** was a plurality opinion announcing the judgment of the Supreme Court. However, this Court has adopted the holdings of **Gary** in subsequent opinions. **See Commonwealth v. Freeman**, 128 A.3d 1231, 1243 (Pa.Super. 2015); **In re I.M.S.**, 124 A.3d 311, 317 (Pa.Super. 2015).

Commonwealth, the law governing warrantless searches of motor vehicles is coextensive with federal law under the Fourth Amendment).

The majority also acknowledges that in **United States v. Ross**, 456 U.S. 798 (1982), the Supreme Court of the United States held that, "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of **every part of the vehicle** and its contents that may conceal the object of the search." **Id.** at 825 (emphasis added). In applying **Ross**, this Court has ruled "if a police officer possesses probable cause to search a motor vehicle, he may then conduct a search of the trunk compartment without seeking to obtain probable cause relative to the particularized area." **Commonwealth v. Bailey**, 545 A.2d 942, 944 (Pa.Super. 1988).

Here, the majority tacitly concludes, as did the trial court, that the officers lawfully stopped Appellee's vehicle and developed probable cause to conduct a warrantless search of the vehicle for contraband when they smelled a strong odor of burnt marijuana and observed Appellee attempting to place a marijuana blunt in the center console. Indeed, as the majority points out, the trial court denied suppression as it related to the marijuana, even though Appellee did not contest the search insofar as it encompassed the passenger compartment of the vehicle. **See** Majority Opinion at 4 n.3. However, the majority adopts the trial court's finding that the probable cause that supported the officers' warrantless search of the passenger compartment of the vehicle

did not support a search of the trunk compartment. Such a conclusion flies in the face of **Ross** and **Bailey**, and is legally incorrect.

Under **Ross**, once the officers developed probable cause to conduct a warrantless search of the vehicle, the scope of the search was not limited to the passenger area of the vehicle, but broadly extended to "every part of the vehicle . . . that may conceal the object of the search." **Ross**, **supra** at 825; **see also Bailey**, **supra**. The High Court explained that the scope of a warrantless search of an automobile "is defined by the **object** of the search and the places in which there is probable cause to believe that it may be found." **Id**. at 824 (emphasis added). The High Court specifically instructed that

> When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, **or between glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle**, must give way to the interest in the prompt and efficient completion of the task at hand.

**Ross**, **supra** at 821.

Here, it is undisputed that a legitimate warrantless search was underway, and that the object of the search was contraband.[2] Therefore, under **Ross** and **Bailey**, the officers were permitted to search every part of Appellee's vehicle in which contraband might be found, including the trunk.

_____

[2] Philadelphia Police Officer Kerr testified at the suppression hearing that he was searching the vehicle for narcotics. N.T., 10/30/17, at 11-12.

*Ross*, *supra* at 825, *Bailey*, *supra* at 944. The majority's attempt to exempt the trunk compartment from a legitimate vehicle search constitutes the very type of "nice distinctions" that the High Court expressly rejected in *Ross*. *Ross*, *supra* at 821. It is also inconsistent with established Pennsylvania precedent. *See Commonwealth v. Runyan*, 160 A.3d 831, 837-38 (Pa.Super. 2017) (holding that where police smelled burnt marijuana and observed a small bag of what appeared to be marijuana, they had probable cause to conduct a warrantless search of the vehicle for contraband, and were permitted to search any container found therein where the contraband could be concealed, including appellee's purse); *In re I.M.S.*, *supra* (holding that, where driver admitted that his juvenile passenger had been smoking marijuana in the car, and police smelled an odor of burnt marijuana and observed marijuana flakes on the juveniles shirt and pants, the police had probable cause to conduct a warrantless search of the automobile for contraband, including a search the juvenile's drawstring bag where contraband could be concealed); *Bailey*, *supra* (holding that the officer's observance of a clear plastic baggie containing a white substance believed to be a controlled substance, coupled with the officer's detection of a "chemical-type" smell, established probable cause to search the passenger area and trunk of the vehicle); *Commonwealth v. Stoner*, 344 A.2d 633, 635 (Pa.Super. 1975) (holding that probable cause to search the vehicle for

contraband arose after police observed marijuana seeds and leaves inside the passenger compartment of the vehicle).

As I believe that the majority's conclusion that the probable cause supporting the warrantless search of the passenger compartment did not also extend to the trunk of the vehicle is erroneous, I dissent.