**UNITED STATES of America ex rel. Thomas HOLLMAN H–8567, Appellant,**

v.

**Alfred T. RUNDLE, Superintendent, State Correctional Institution at Graterford.**

**No. 71–1824.**

United States Court of Appeals, Third Circuit.

Submitted May 22, 1972 Under Third Circuit Rule 12(6).

Decided June 9, 1972.

John D. Cole, Defender Assn. of Philadelphia, Philadelphia, Pa., for appellant.

James D. Crawford, Deputy Dist. Atty., Philadelphia, Pa., for appellee.

Before STALEY, ALDISERT, and HUNTER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Appellant was found guilty in the criminal courts of Philadelphia County and sentenced on a charge of aggravated robbery. He appealed to the Superior Court of Pennsylvania, which affirmed the conviction in a per curiam opinion. Commonwealth v. Hollman, 216 Pa.Super. 834, 266 A.2d 491 (1970). The Pennsylvania Supreme Court denied his petition for allowance of appeal on August 20, 1970, No. 128–A Mis. Docket

18. Appellant filed a habeas petition in the Eastern District of Pennsylvania, which was denied, 329 F.Supp. 1052. This appeal followed.

Initially, appellant contends that a pretrial photographic identification was unconstitutionally admitted into evidence at trial as it was obtained as the result of an allegedly illegal arrest and detention. He argues that the police, without probable cause, took him into custody, and thereupon photographed him in violation of the Fourth and Fourteenth Amendments.

■ We agree with the District Court that the police did in fact have probable cause to arrest. Our examination of the record reveals that a sufficiently detailed description of the suspects was broadcast over the police radio.[1] Appellant was seen one night later near the scene of the crime, fit one of the descriptions perfectly, and was in the company of a man closely fitting the second description. Under the circumstances the police had probable cause to arrest and the subsequent photographic identification was not therefore the product of an illegal search and seizure. *Cf.* Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969).

■ Citing our opinion in United States v. Zeiler, 427 F.2d 1305 (3d Cir., 1970), appellant contends that the photographic identification in the absence of counsel was a denial of his Sixth and Fourteenth Amendment rights. This argument is precluded by our recent decision in United States ex rel. Reed v. Anderson, 461 F.2d 739 (3d Cir., 1972). Further, our review of the identification procedure at issue convinces us that it did not give rise to a "very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968).

The order of the District Court will be affirmed.

---

1. Here the description of the suspects included race, height, weight, color of hair, type of hair styling, as well as the precise color of clothing—dark blue and camel hair. Cf. Commonwealth v. Berrios, 437 Pa. 338, 263 A.2d 342 (1970).