UNITED STATES of America, Plaintiff–Appellee,

v.

Antwan R. TIMMS, Defendant–Appellant.

No. 02–1310.

United States Court of Appeals, Seventh Circuit.

Submitted June 10, 2003.

Decided Aug. 21, 2003.

Barry Miller, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Antwan R. Timms, pro se, Pekin, IL, for Defendant–Appellant.

Before KANNE, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

### ORDER

A jury convicted Antwan Timms of armed robbery, 18 U.S.C. § 2113(a), (d), and using a firearm in a crime of violence, 18 U.S.C. § 924(c)(1)(A). Timms filed a notice of appeal, but his attorney has moved to withdraw and submitted a facially adequate *Anders* brief explaining why all of the potential arguments he has identified would be frivolous. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (record

review is limited when *Anders* brief is "adequate on its face").

■ Counsel first addresses whether Timms might challenge the denial of his motion to suppress statements and physical evidence obtained following his warrantless arrest, but concludes that the argument would be frivolous. We agree. A police officer spotted Timms on the street several hours after the three-man bank robbery wearing the same distinctive outfit witnesses said one of the robbers wore–a white "Karl Kani" designer jacket and a pair of jeans with a tiger emblem on the left leg–and looking around as if checking for surveillance. Timms also matched the witnesses' description as to the robber's age, race, and height exactly, and was seen by police traveling with two men who fit the general descriptions of the other two robbers on the day of the robbery and again two days later, when he was arrested. These facts establish ample probable cause for Timms's arrest. *See, e.g., Chambers v. Maroney*, 399 U.S. 42, 44, 47–48, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) (probable cause based on car and clothing); *United States v. Diggs*, 522 F.2d 1310, 1314 (D.C.Cir.1975) (probable cause based on clothing); *United States v. Jaramillo*, 891 F.2d 620, 627 (7th Cir.1989) (counter-surveillance contributes to probable cause); *Pasiewicz v. Lake County Forest Pres. Dist.*, 270 F.3d 520, 522, 524–25 (7th Cir. 2001) (probable cause based on "fair resemblance" as to age, height, weight, and hairstyle); *United States ex rel. Hollman v. Rundle*, 461 F.2d 758, 759 (3d Cir.1972) (probable cause based on physical description and fact that suspect was seen with man who fit description of second suspect).

■ Next, counsel considers whether Timms might argue that the evidence was insufficient to support his convictions or that the district court clearly erred in denying his motion for a minor-role reduction under U.S.S.G. § 3B1.2, but concludes that either argument would be frivolous in light of the evidence introduced at Timms's trial. That evidence included surveillance photos showing Timms and the other robbers–Jamar Evans and Malcolm Carpenter–inside the grocery store where the bank was located at the time of the robbery, with Carpenter and Evans standing in front of one of the bank tellers and Carpenter displaying a gun. A store employee testified that Timms did not approach the tellers but instead stood near the exit, looking straight ahead, until the three men left the store together. In addition, an FBI agent testified that Timms stated in post-arrest interviews that he discussed robbing a bank with Carpenter and Evans in the days leading up to the robbery and rode with them to the store on the morning of the robbery; that Evans told him that morning that he wanted Timms to keep watch during the robbery to assure that "no police ride up on me because I got a gun on me"; and that the three men departed the store together, with Timms driving. This evidence is sufficient to prove all the elements of armed robbery and use of a firearm in a crime of violence, *see United States v. Woods*, 148 F.3d 843, 846–48 (7th Cir.1998), and it demonstrates that any argument that Timms was a "minor participant" would be frivolous, since Timms both acted as a lookout and drove the getaway car, *see United States v. Trigg*, 119 F.3d 493, 503 (7th Cir.1997); *United States v. Lowery*, 60 F.3d 1199, 1201–02 (6th Cir.1995); *United States v. Pinkney*, 15 F.3d 825, 828 (9th Cir.1994); *see also United States v. Febus*, 218 F.3d 784, 798 (7th Cir.2000) (minor participant argument was frivolous where record demonstrated that defendant participated in crime in a substantial way).

■ Counsel also discusses a potential challenge to the district court's refusal to

appoint a psychologist so that Timms could seek a diminished-capacity departure under U.S.S.G. § 5K2.13. Counsel concludes that such an argument would be frivolous, relying on *United States v. Cravens*, 275 F.3d 637 (7th Cir.2001), for the proposition that bank robbery defendants are categorically prohibited from receiving such departures. *Cravens* seems to have held only that the decision not to grant a departure to a *particular* bank robbery defendant did not involve legal error, but the proposed argument is meritless nonetheless. Timms's motion, made post trial, asserted mainly that Timms showed signs of depression and that his trial counsel had asked a clinical psychologist at the MCC to meet with him. The psychologist met with Timms twice, in August and September 2001, and his reports, which were attached to the motion, relate Timms's complaints of nervousness, depression, sleep problems, and hearing the voice of a "psycho" woman during his nights spent in jail. The district court denied the motion without explanation, but the likely reason seems to have been that the motion did not link its evidence and argument about Timms's depression to Timms's mental capacity *at the time of the crime*, which is the only relevant question under § 5K2.13. *See United States v. Roach*, 296 F.3d 565, 570 (7th Cir.2002). On the contrary, the tenor of the psychologist's reports is that Timms's symptoms arose after his incarceration. The reports also reveal that Timms denied any history of mental health symptoms or treatment. Thus it would seem the district court did not abuse its discretion in denying the motion. Only one item in the motion hinted at a problem that may have existed at the time of the robbery: counsel's assertion that Timms displayed signs of "possible retardation." The assertion, however, was undetailed and not supported by any evidence.

Counsel concludes by observing that Timms's sentences of imprisonment–57 months for the armed robbery, and 84 months on the firearm count–are within the statutory maxima and thus present no *Apprendi* issue, *see Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); that Timms was not entitled to have a jury, rather than a judge, decide whether Carpenter brandished the gun during the robbery, *see Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002); and that the current record provides no basis for an argument that Timms's attorneys provided ineffective assistance, *see, e.g, United States v. Schuh*, 289 F.3d 968, 976 (7th Cir.2002).

Because these potential arguments would be frivolous, and because Timms's Circuit Rule 51(b) responses raise no additional arguments, we GRANT counsel's motion to withdraw and DISMISS Timms's appeal.